JEMIMA C. LARKIN, as Administratrix, etc., Appellant, v. WILLIAM HARDENBROOK, Respondent.

Where the holder of a promissory note voluntarily cancels the same, and surrenders it to the maker, this, although no consideration was paid, in the absence of fraud or mistake, operates in law as a release and discharge of the maker's liability.

(Argued October 20, 1882; decided November 14, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 15, 1881, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to recover the amount of a promissory note executed by defendant to Isaac C. Loper, plaintiff's testator, which the complaint alleged had been lost or destroyed.

The referee found that said Loper executed to defendant a deed of certain premises, and in consideration thereof, the note in suit was executed, and delivered to the grantor, who thereafter voluntarily and intentionally canceled, destroyed, and surrendered up the same to the defendant.

Further facts appear in the opinion.

*J. J. Perry* for appellant. The note having been destroyed or canceled by the tearing off the signature of the maker, and its delivery to him by the payee, and there being no mistake or fraud alleged, it operated as a release and discharge of the defendant from all liability therein. (Poth. Obln. n. 608, 609; Bouv. Law Dict., title "Release," 2 Eq. Cases Abr. 617; *Albert* v. *Ziegler*, 29 Penn. St. 50;

*Beach* v. *Endress,* 51 Barb. 570; *Doty* v. *Wilson,* 5 Lans. 10; *Kent* v. *Reynolds,* 8 Hun, 559; *Vanderbeck* v. *Vanderbeck,* 30 N. J. Eq. 265; *Booth* v. *Smith,* 3 Wood's C. C. 19; *Adams* v. *Hull,* 2 Denio, 3; *Wheeler* v. *Billings,* 38 N. Y. 263; *Barker* v. *Bradley,* 42 id. 316.)

*John J. Armstrong* for respondent.

MILLER, J. The note described in the complaint was given by the defendant to the plaintiff's intestate, upon the conveyance to him of certain real estate, and as a consideration therefor, on the 11th day of October, 1870. The referee before whom the trial was had has found that in or about the month of January, 1871, the grantor voluntarily and intentionally canceled, destroyed and surrendered up to the defendant said security and note, and as a conclusion of law, the intestate discharged the defendant thereon, and that no recovery could be had either on the note or on the original consideration. We think that the finding of fact by the referee is sufficiently supported by the evidence, and that the conclusion arrived at was the legal and necessary result of said finding. The rule seems to be well settled by the authorities that where an obligee delivers up the obligation which he holds against another party, with the intent and for the purpose of discharging the debt, where there is no fraud or mistake alleged or proven, that such surrender operates in law as a release and discharge of the liability thereon; nor is any consideration required to support such a transaction when it has been fully executed. (Bouv. Law Dic., title Release; *Albert's Exrs.* v. *Ziegler's Exrs.,* 29 Penn. St. 50; *Beach* v. *Endress,* 51 Barb. 570; *Doty* v. *Wilson,* 5 Lans. 10.)

There certainly could not be higher evidence of an intention to discharge and cancel a debt than by a destruction and surrender of the instrument which created it, to a party who is liable by virtue of the same. In this case the evidence shows that the deed and the note were executed under somewhat peculiar circumstances, and it may perhaps be inferred

that the design was to protect the property of the grantor from liability to creditors. While these facts would not exonerate the defendant from an obligation he assumed in taking the conveyance and giving the note, yet under the decisions cited the grantor had a perfect right to surrender and cancel the note, and the testimony shows that on being applied to for the note, and it being stated to him that the business was settled, he left the room where he was, returned and produced a piece of paper with the defendant's signature, he said it was the signature to the note and "that settled it," and handed the same to the person who made the application on behalf of the defendant.

These facts, together with the findings of the referee, are, we think, conclusive in regard to the surrender or destruction of the note, and upon no legal ground can the action of the plaintiff be maintained. The fact that the deed was absolute upon its face and expressed a consideration cannot affect the right of the holder of the note to cancel and discharge it, or to make a valid gift by delivery of the same to the maker thereof, and the admission of evidence to show such a transaction does not violate the well-established rule of law that parol evidence is inadmissible, and cannot be introduced to contradict the deed or to impair its legitimate effect. The execution of the deed and note, and their delivery, constituted one transaction, and the surrender of the note is another and a different one, distinct and independent of itself, and having no relation whatever to the original transaction. Nor is proof of such surrender evidence tending to establish an intention on the part of the grantee to reconvey the property, but proof of the act of the grantor by which he released and discharged the grantee from the obligation which he had assumed. We do not perceive that any rule of evidence was violated by the admission of the evidence establishing the surrender and cancellation of the note by the original grantor. The fact that defendant did not offer to reconvey the premises is not a proper subject of consideration in this action, which involves simply the liability of the defendant upon the note in question.

It may be conceded, as is claimed by the counsel for the appellant, that the money consideration and acknowledgment of its payment expressed in the deed is *prima facie* evidence that such was the consideration; but this presumption does not interfere with the right to show an independent act by which an obligation taken in consideration of a conveyance was given up voluntarily to the party who executed it.

After a careful consideration of the position urged by the counsel for the appellant and the authorities cited by him, we are unable to discover any ground of error in the trial court in holding that the complaint should be dismissed.

There was no error on the trial in the admission of testimony or in the refusals to find as requested by the counsel for the appellant, or in any of the rulings to which exceptions were taken by him.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.