(59 App. Div. 589.)

### SUTTON et al. v. CORNING.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. ACCORD AND SATISFACTION—PRESUMPTION OF DELIVERY FROM MAILING.
    To prove an accord and satisfaction, it was shown that plaintiffs agreed to take a less sum for goods sold, and that defendant sent a check, certified, for the amount, by mail, addressed to one of the plaintiffs at their place of business, and prepaid the postage upon it. *Held*, that the sending of the check raised the presumption of its receipt by plaintiffs.

2. SAME.
    Where goods sold were partially destroyed before delivery, and a claim made by the buyer for a deduction, and the seller agreed to accept a check for a certain amount, which check was delivered and accepted, it constituted an accord and satisfaction.

3. OBJECTIONS TO EVIDENCE—AIDER BY VERDICT.
    Where a bank book was introduced in evidence without objection, objection to its competency cannot be first made after verdict.

Appeal from trial term, New York county.

Action by James F. Sutton and others against J. Sherwood Corning. From a judgment for defendant and an order denying a new trial, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Gustavus T. Kirby, for appellants.
L. B. Treadwell, for respondent.

RUMSEY, J. The first objection is that the verdict is against the weight of the evidence. The action was brought to recover upon a check for $68.50 drawn by the defendant to the order of the plaintiffs, which was not paid upon presentation. The check was given for the balance of goods sold by the plaintiffs to the defendant, and the defense was that before the goods were delivered to the defendant they were partially destroyed, so that the defendant never received what he bought; that a claim was made for a deduction because of this destruction, as a result of which there was an accord and satisfaction between the parties, by which the plaintiffs agreed to accept a check for $31.50 in payment of all demands which they had against the defendant; and that said check had been delivered and accepted. These facts were sworn to by the defendant. He testified to a conversation with one of the plaintiffs, as a result of which he offered to pay $31.50 in satisfaction of the claim against him, and that he subsequently sent the check, certified, for that amount, by mail, addressed to one of the plaintiffs at their place of business, and prepaid the postage upon it. The check had never been returned or paid, and the plaintiffs insist that it had never been received.

The sending of the check in a letter, postpaid, to the plaintiffs at their place of business, was positively testified to by the defendant, and raises a presumption of the receipt of the check by the plaintiffs. Steamship Co. v. Otis, 100 N. Y. 446, 3 N. E. 485. That presumption the plaintiffs sought to overcome, but the result of their evidence was such that the question was a proper one to submit to the jury, and it was so submitted, and we do not feel at liberty to overrule their determination, especially as it seems to have been satisfactory to the trial judge. The facts sworn to by the defendant, if established, as they must be deemed to have been, constitute an accord and satisfaction. Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785; Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986.

The defendant produced and had identified his bank book, by which it appeared that this check for $31.50 had been charged against him as a certified check. The book was not offered in evidence, but it was submitted to the jury without objection by the plaintiffs' counsel, and no point was raised until after the verdict had been rendered. This, we think, was too late. If, when the book had been submitted to the jury, the objection had been taken, it is quite possible that it would have been offered in evidence, and any defect in the proof necessary to have it received might have been supplied; but as it was permitted to go to the jury without objection, and without any question as to its competency, we do not see that the plaintiffs are in any situation to claim that this was error.

Upon the whole case, we think that the judgment and order were correct, and should be affirmed, with costs. All concur.