MAXIMILIAN LEWINSON and GEORGE A. JUST, Appellants, *v.* THE MONTAUK THEATRE COMPANY and WILLIAM H. REYNOLDS, Respondents, Impleaded with Others.

*Conditional payment of a disputed claim — the acceptance of a check, tendered on condition that it be accepted " as payment in full," constitutes an accord and satisfaction.*

Where a claim is unliquidated, and money is tendered in satisfaction thereof, under such circumstances as amount to a condition, the tender and condition cannot be severed, and the acceptance of the money involves the acceptance of the condition.

A dispute arose between a building contractor and his employer as to the balance due to the contractor and the amount due from him to the employer as liquidated damages for delay in the completion of the work. The attorney for the employer sent the contractor a check stating that it was " in full settlement for

your claim on contract against the company (the employer)," adding: "By the plain stipulations of your agreement with the Company, which is in my possession, and the admitted facts of a delay of sixty days, there cannot possibly be due you more than the $3,000; and although the difference between that amount and your claim will not fully reimburse them, they have decided to pay that amount. This amount being paid to you conditionally, you will please return the check to me promptly unless you accept it as payment in full." The contractor received the letter and check and collected the money thereon, and then wrote to the employer, saying, "We have credited on the amount due us for work at the Montauk Theatre. We do not care to enter into any controversy regarding the other matters mentioned in your letter," to which the employer's attorney replied, "Your favor of Sept. 17th inst., acknowledging receipt of my letter of the 14th with check for $3,000 enclosed, at hand, in which you state you have credited the check on the amount due you for work at the Montauk Theatre. You had no right to use the check unless you accepted it in full satisfaction of your claim against the Montauk Theatre Company. I made the condition very clear in that letter, and shall insist upon the retention of the $3,000, being a full satisfaction of your claim."

*Held,* that the transaction constituted an accord and satisfaction.

APPEAL by the plaintiffs, Maximilian Lewinson and another; from a judgment of the Supreme Court in favor of the defendants, The Montauk Theatre Company and William H. Reynolds, entered in the office of the clerk of the county of Kings on the 16th day of August, 1899, upon the decision of the court rendered after a trial at the Kings County Special Term dismissing the complaint as to such defendants.

*Charles J. Patterson,* for the appellants.

*Archibald C. Shenstone,* for the respondents.

SEWELL, J.:

This is an action to foreclose a mechanic's lien filed by the plaintiffs for a balance of $6,000 claimed to be due on a contract for iron work in the construction of a building and $752.55 for extra work.

By the terms of the contract the plaintiffs were to complete the work on or before June 15, 1895, and they agreed to pay the defendants $100 each and every day thereafter that the said work remained unfinished as and for liquidated damages. The contract also provided that should the appellants be obstructed or delayed in the prosecution of the work by any act or neglect of the owner or architect they should be allowed for such delay.

It appears that the work was not completed until about sixty days after the time specified in the contract, and that on July seventeenth and again on August ninth the defendants, by W. H. Reynolds, their agent, wrote to the plaintiffs inclosing a check, which he said was "without prejudice to any of their rights under their contract with you, and that they certainly will hold you responsible for damages they have already suffered and those which they may hereafter suffer by reason of your neglect or acts. Rest assured that the company will do everything reasonable within their power to make the damages as small as possible." Reynolds testified that sometime previous to September ninth he had a conversation with Just, one of the plaintiffs, in which he stated that "the Montauk Theatre Company intends to hold you strictly to the letter of your contract. You have delayed the building so that we are now over the time we were to have it completed for the lessees, and consequently we don't feel that we are in debt to you one cent; instead of that you are in our debt if you are held strictly to the contract. And he said, You are wrong; there we can easily have a certificate given for part of the work, because, even if we were held to our contract, there would be something coming to us anyhow. He said, There is our bill of changes. I said, Including the bill of changes and all, you would still be in our debt, if you paid us for the overtime on the work, and the hundred dollars a day forfeit, and the other incidentals."

The plaintiff Just testified that on one occasion prior to September fourteenth he said to Reynolds, "I cannot enter into any controversy here. In the end if we are proven wrong, we will have to take our medicine, but you are not the judge and I am not the judge; there is another tribunal to adjudicate that; * * * we are trying to assist you to open the house at a certain day; you cannot make any waivers; we are doing as well as we can under the circumstances." This witness also testified that alterations were required; that they were delayed by the architect and by the failure to remove the scaffold, and that if these conditions had not existed they could have completed the work at the time specified in the contract. Other evidence was given of the fact that there was a substantial dispute or disagreement between the parties as to the amount due to the plaintiffs; and there is no evidence in the case

sustaining the contention of the appellants that $3,000 or any other sum was conceded by the defendants to be due to the plaintiffs.

On September fourteenth, while these matters were in dispute and undetermined, defendants' attorney inclosed a check for $3,000 in a letter to the plaintiffs, in which he stated that the matters of their claim had been placed in his hands by the directors and that he was authorized to, and therewith sent them the inclosed check of W. H. Reynolds for $3,000, "in full settlement for your claim on contract against the company," and also said, " By the plain stipulations of your agreement with the Company which is in my possession, and the admitted facts' of a delay of sixty days, there cannot possibly be due you more than the $3,000, and although the difference between that amount and your claim will not fully reimburse them, they have decided to pay that amount. This amount being paid to you conditionally, you will please return the check to me promptly unless you accept it as payment in full."

The plaintiffs received the letter and check, indorsed the latter and collected the money upon it, which they retained. They then wrote to the defendants acknowledging the receipt of the letter and check, stating " we have credited on the amount due us for work at the Montauk Theatre. We do not care to enter into any controversy regarding the other matters mentioned in your letter." In reply to this letter the defendants' attorney wrote to the plaintiffs as follows: " Your favor of Sept. 17th inst., acknowledging receipt of my letter of the 14th with check for $3,000 enclosed, at hand, in which you state you have credited the check on the amount due you for work at the Montauk Theatre. You had no right to use the check unless you accepted it in full satisfaction of your claim against the Montauk Theatre Company. I made the condition very clear in that letter and shall insist upon the retention of the $3,000, being a full satisfaction of your claim."

It cannot be doubted that the plaintiffs understood that the check was tendered only in satisfaction of all claims which they might have on account of their contract with the defendants, and the question of law arising from these facts is whether the retention of the check and the collection of money thereon was an accord and satisfaction.

The rule applicable to this case was discussed and decided by the

Court of Appeals in *Fuller* v. *Kemp* (138 N. Y. 231) and in *Nassoiy* v. *Tomlinson* (148 id. 326), where, as in this case, there was an unliquidated demand and a check tendered in satisfaction, which the plaintiff indorsed and collected. In each of these cases the court held that where the claim is unliquidated and money is tendered in satisfaction thereof under such circumstances as amount to a condition, the tender and condition cannot be dissolved, and the acceptance of the money involves the acceptance of the condition.

There is no ground for the contention that the accord and satisfaction were defeated by the subsequent negotiations of the parties. When the minds of the parties met so as to constitute an accord, the claim or cause of action was extinguished, and no protest, denial or other *ex post facto* declaration could vary the result.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.