JOHN H. SIMONS, Respondent, *v.* SUPREME COUNCIL AMERICAN LEGION OF HONOR, Appellant.

1. ACCORD AND SATISFACTION — EVIDENCE — WHEN SURRENDER OF LIFE INSURANCE POLICY FOR LESS THAN AMOUNT NAMED THEREIN CONSTITUTES ACCORD AND SATISFACTION OF CLAIM THEREUNDER. Where there was an honest dispute between the beneficiaries named in a certificate, or policy, of life insurance issued by a fraternal benefit society and the officers of the society as to the amount due under the policy upon the death of the insured, the beneficiaries claiming that the amount named in the policy was due, and the society insisting that this amount was reduced to a certain sum by an amendment to the by-laws of the society adopted subsequent to the issuing of the policy — a contention supported by the only decision of importance in this state, at that time, bearing upon the subject — and refusing to pay that sum unless and until the beneficiaries should sign a certificate acknowledging the payment of the policy and surrendering it for cancellation and deliver it with the policy to the society, the signing and delivery of such certificate and policy by the beneficiaries and the acceptance by them of a draft for the amount tendered by the society is conclusive and sufficient evidence of their intention to discharge and cancel the policy and that there was a settlement with full knowledge of the situation by the beneficiaries as well as with knowledge that unless they surrendered the policy they could receive nothing thereunder, and constitutes proof sufficient to establish an accord and satisfaction in law.

2. SAME — WHEN INDORSEMENT ON SURRENDER CERTIFICATE THAT RECEIPT WAS GIVEN FOR A CERTAIN AMOUNT ONLY, DOES NOT AFFECT THE CHARACTER AND LEGAL EFFECT OF THE CERTIFICATE. Where the certificate of surrender of the policy, indorsed on the back thereof, was signed by both of the beneficiaries thereof, the fact that one of them wrote above such indorsement, "Receipt below given for $1,900, only," does not constitute a protest thereto or affect the character and legal effect of the surrender certificate; it simply adds to the certificate, which says the beneficiaries have received the amount agreed to be paid, what that amount was.

*Simons* v. *American Legion of Honor,* 82 App. Div. 617, reversed.

(Argued March 23, 1904; decided April 26, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 6, 1903, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry A. Powell* for appellant.   The settlement of the disputed claim between the parties effected an accord and satisfaction.   (*Whittaker* v. *Ellenberg*, 70 App. Div. 489; *Looby* v. *Vil. of West Troy*, 24 Hun, 78; *Palmerton* v. *Huxford*, 4 Den. 166; *People* v. *Bd. of Suprs.*, 33 Hun, 305; *People* v. *Bd. of Managers*, 96 N. Y. 640; *Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Wissner* v. *Schopp*, 34 App. Div. 199·; *Green* v. *R. I. Mfg. Co.*, 1 T. & C. 5; *Leeson* v. *M. B. Assn.*, 52 N. Y. S. R. 506.) The surrender of the benefit certificate operated as an accord and satisfaction between the parties. (*Silvers* v. *Reynolds*, 17 N. J. L. 275; *Bowker* v. *Childs*, 3 Allen, 434; *Babcock* v. *Bonnell*, 12 J. & S. 568; 80 N. Y. 244; *Beach* v. *Endress*, 51 Barb. 570; *Larkin* v. *Hardenbrook*, 90 N. Y. 333; *Kent* v. *Reynolds*, 8 Hun, 561.)   Whether the Keysers at the time of the surrender of the certificate and the receipt of the $1,900 were or were not entitled to more than $1,900 does not affect the question of accord and satisfaction. (*O'Brien* v. *Mayor, etc.*, 40 App. Div. 331; *Crans* v. *Hunter*, 28 N. Y. 389; *Goodrich* v. *Sanderson*, 35 App. Div. 546; *Green* v. *R. I. Mfg. Co.*, 1 T. & C. 5.)   The writing by Howard L. Keyser above the surrender clause indorsed upon the certificate does not vitiate the accord and satisfaction. (*Logan* v. *Davidson*, 18 App. Div. 353; *Reynolds* v. *E. L. Co.*, 85 Hun, 470; *Lewinson* v. *M. T. Co.*, 60 App. Div. 572.)   The law favors the settlement of disputed claims. (*Fuller* v. *Kemp*, 138 N. Y. 231; *Vosburgh* v. *Treator*, 32 N. Y. 561.)

*John T. Booth* and *George P. Breckenridge* for respondent.   The case lacks the essential elements of an accord and satisfaction.   (*Belt* v. *Am. C. Ins. Co.*, 148 N. Y. 630; *Miller* v. *Coates*, 66 N. Y. 610; *Ryan* v. *Ward*, 48 N. Y. 206; *Komp* v. *Raymond*, 175 N. Y. 102; *Mintzer* v. *Am. Legion of Honor*, 41 Misc. Rep. 512; *Silvers* v. *Reynolds*, 17 N. J. L·

275; *Bowkers* v. *Childs*, 3 Allen, 434; *Babcock* v. *Bonnell*, 12 J. & S. 568; *Beach* v. *Endress*, 51 Barb. 570; *Larkin* v. *Hardenbrook*, 90 N. Y. 333.)

PARKER, Ch. J.   Defendant insists that it should have had judgment against plaintiff on the ground that plaintiff's claim grows out of a situation which was included in an accord and satisfaction; that there was a dispute between plaintiff's assignors and defendant as to the amount due the former from the latter — an honest dispute — which resulted in the proposition by defendant to pay a given sum and no more in settlement of the matter, for which sum a draft was accepted.

Now it is the settled law of this state that if a debt or claim be disputed or contingent at the time of payment, the payment, when accepted, of a part of the whole debt is a good satisfaction and it matters not that there was no solid foundation for the dispute.   The test in such cases is, Was the dispute honest or fraudulent?   If honest, it affords the basis for an accord between the parties, which the law favors, the execution of which is the satisfaction.

The father of the assignors of plaintiff obtained a benefit certificate, or policy of insurance, issued by defendant whereby the latter agreed to pay to the beneficiaries, plaintiff's assignors, $5,000 upon proof of the death of insured.   Insured died October 2, 1900.   Had he died two days earlier this controversy could not have arisen as then according to the policy and defendant's by-laws the beneficiaries would have been entitled to $5,000 beyond dispute and a payment of a less sum would not have prevented the beneficiaries or their assignors from maintaining an action to recover the balance.   But defendant had amended its by-laws months before so as to reduce the amount payable on all policies maturing after October 1, 1900, $5,000 policies being reduced to $2,000. Defendant's by-laws — made a part of the policy — authorized amendment.   So when insured died this policy represented but $2,000 according to the by-laws.

This court recently held that such an amendment is without power, and, therefore, ineffective. ( *Weber* v. *Supreme Tent of K. of M.*, 172 N. Y. 490.) But that was not the position of the courts of this state prior to the amendment. Indeed, nearly seven years before the amendment the General Term of the fifth department in *Hutchinson* v. *Supreme Tent of K. of M.* (68 Hun, 355) held that defendant had power to make an amendment substituting for a disability benefit an annuity of 10 per cent thereof. Therefore, defendant's amendment — in addition to being sustained by the authorities in some other jurisdictions — was supported by the only decision of importance in this state, at that time, bearing upon the subject.

It is not pretended that defendant's representative *fraudulently* represented to plaintiff's assignors that the policy had been reduced to $2,000. It had been so reduced by the formal action of defendant and according to a decision in this state its action was legal. When, therefore, its representative insisted that the policy had been reduced to $2,000 he stated the contract as defendant understood it and believed it to be. And hence when he said that after deducting 5 per cent — as to which there is no controversy — there would remain but $1,900 due the beneficiaries, he stated defendant's belief accurately. The beneficiaries asked for the $5,000. They were disappointed at the reduction. Here then was the dispute. The beneficiaries could have refused to accept the $1,900, and brought suit for the entire amount. But the only decision of moment in this state upon the subject held that defendant's action was authorized and legal. The only other course open was to settle.

The law wisely, favors settlement, and where the parties are in a position to deal with one another at arm's length, as these parties were, the law will support their settlement. How is the settlement in this case evidenced? By the acceptance of the draft for $1,900 by the beneficiaries after they had been told by defendant's representatives that such sum would be paid only on condition that the beneficiaries sign the blank

surrender form and give up the policy. About this there is no controversy whatever. The beneficiaries had the policy, upon which they could bring action for $5,000, and they surrendered it to get a draft for $1,900 when they were told that that was all that was due, and all they could have, and that they should not receive that unless and until the surrender certificate was signed and delivered up with the policy. The beneficiaries accepted the terms when they signed the surrender certificate, delivered the policy and accepted and used defendant's draft for $1,900. It is not disputed that this transaction took place.

The beneficiaries would have it now that one of them protested. But there is no protest in the papers. The surrender, which was indorsed upon the certificate of insurance, was signed by both beneficiaries, and reads "undersigned beneficiary named in the within benefit certificate acknowledges having received the amount herein agreed to be paid, and this certificate is hereby surrendered to the Supreme Council American Legion of Honor for cancellation." Now above that indorsement one of the beneficiaries, Howard L. Keyser, wrote the following : "Receipt below given for $1900 only. 2 — 27 — 01." That statement represents the simple fact that they received under the certificate $1,900. And it does not affect the character and legal effect of the instrument any more than as if the certificate of surrender had stated that "Undersigned beneficiary named in the within benefit certificate hereby acknowledges having received $1,900, the amount herein agreed to be paid." It simply adds to the surrender certificate — which says the beneficiaries have received the amount agreed to be paid — what that amount was.

There is very little evidence of protest in the testimony of the beneficiary Keyser. But if it were far stronger, it could have no legal effect as against the written evidence of this settlement, consisting of the signed surrender of the policy and the draft payable to the beneficiaries, and not received until after the signing of the surrender and the delivering up of the policy, as testified to by the beneficiary Keyser. He said

defendant's representative told him before he would give him the draft, " The policy must be surrendered and this receipt signed. * * * He told me I had to give up the policy and had to sign that blank form there. And that if I failed to do so I would not get the $1,900. After doing that he delivered the draft to me, and that is all I ever received." This the beneficiaries followed by surrendering the policy for cancellation, which act, under the decision of this court in *Larkin* v. *Hardenbrook* (90 N. Y. 333), would deprive the beneficiaries of the right to maintain an action, although no consideration was paid, as it operates in law as a release and discharge of the maker's liability in the absence of fraud or mistake.

That decision standing alone would, perhaps, require a reversal of this judgment. But it is not invoked for that purpose, as in my view an accord and satisfaction in law was established by plaintiff's proofs. That case is cited in order primarily that attention may be called to a portion of the reasoning of the court. Judge Miller said — all of his associates concurring — that " There certainly could not be higher evidence of an intention to discharge and cancel a debt than by a destruction and surrender of the instrument which created it, to a party who is liable by virtue of the same."

The surrender of the policy in this case, with the statement in writing that it was surrendered for cancellation, was evidence of an intention to discharge and cancel the policy. It was not only evidence of it, but evidence of such a vigorous character that according to the opinion quoted there could be no higher evidence of such an intention.

This case, however, is stronger in favor of defendant than that. There, there was no evidence that plaintiff received anything. Here, plaintiff's assignors received $1,900, which they admitted they were told they would not receive unless they did surrender the policy for cancellation. There is no evidence of any kind in contradiction of this evidence of intention, so that no opportunity is presented for a submission of such a question to the jury.

There was *no* question for the jury. No fraud is claimed. The controversy was honest. Neither witness nor circumstance questions it. And there was a settlement with full knowledge on the part of the beneficiaries of the situation, as well as with knowledge that unless they surrendered the policy they could not receive a cent. There is no question for the jury on that subject, for one of the beneficiaries testifies to it. With that knowledge they accepted the draft, and surrendered the policy, saying over their signatures that they surrendered it for cancellation. If that written evidence *could* be disputed, it is not. And so there is no question for the jury on that subject. And hence by competent and undisputed evidence is made out every element of an accord and satisfaction.

An attempt is made by counsel for plaintiff to persuade us that this case is so nearly analogous to *Komp* v. *Raymond* (175 N. Y. 102) as to prevent our disposition of the case by the application of well-established legal principles. As I understand the facts of that case the decision is not applicable to this one, but the general principles laid down in that case are in harmony with those asserted here. In *Komp's* case the parties differed as to the amount due and as to the meaning of their contract. Plaintiff finally accepted the amount defendant conceded to be due, and receipted for the same; but he offered to prove that he did so with the distinct understanding that if he could bring proof to defendant that he was wrong, defendant would pay the balance, and at the same time he said : "If you do not pay me that balance I will take the thing to court and we will leave it to a court and jury to settle." This evidence was rejected, and this court holds he had a right to prove it. But in the case under consideration no such act was proved, nor was any attempt made to prove it, or to prove any other fact tending to cut down the legal force and effect of the surrender in writing of the policy in consideration of the draft.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Gray, O'Brien and Haight, JJ., concur; Martin and Cullen, JJ., concur in result on the ground that the question whether there was an accord and satisfaction was under the evidence a question for the jury and should have been submitted to them; Bartlett, J., not voting.

Judgment reversed, etc.