DU MOULIN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County.   March 12, 1907.)

1. ACCORD AND SATISFACTION (§ 13*)—AGREEMENTS CONSTITUTING.

An assistant to a principal claimed that Greater New York Charter (Laws 1897, c. 378) § 1091, as amended by Laws 1900, c. 751, § 4, fixing the salary of an assistant to a principal at not less than $1,600 per year after 10 years of service, was self-executing, while the board of education believed that a passage of a by-law on the subject was necessary.  She had been a teacher since 1873, and from December 1, 1897, to March 27, 1902, she had acted as assistant to a principal, and from May, 1900, to March, 1902, she had been paid $1,260 per annum.  She executed a paper which recited that she had submitted an application for rank and pay as assistant to a principal; that there was doubt as to the validity of her assignment; that, to protect the board of education from any litigation, she waived all claims for any arrears of salary as assistant between May, 1900, and March, 1902, and released the board therefrom.  On the execution and delivery of the paper, her application was favorably acted on, and she was recognized and paid from March, 1902, as such assistant.  *Held*, that the agreement was an accord and satisfaction, and she could not sue for salary due to her from May, 1900, to March, 1902.

[Ed. Note.—For other cases, see Accord and Satisfaction, Dec. Dig. § 13.*]

2. ACCORD AND SATISFACTION (§ 26*)—AGREEMENT—FRAUD.

Evidence *held* not to show that an instrument constituting an accord was obtained by fraud or duress, or in ignorance of the terms contained in it.

[Ed. Note.—For other cases, see Accord and Satisfaction, Dec. Dig. § 26.*]

3. FRAUD (§ 11*)—OPINIONS CONSTITUTING FRAUD.

An opinion as to the effect of an instrument executed by another is not a representation of an existing fact, and the person giving the opinion is not liable for error therein.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 12, 13; Dec. Dig. § 11.*]

Action by Fannie Du Moulin against the Board of Education of the City of New York.   Judgment of dismissal.

Andrew D. Kneeland, for plaintiff.

William B. Ellison, Corp. Counsel (Stephen O'Brien, of counsel), for defendant.

BURR, J.   The plaintiff sues for a balance of salary which she claims is due to her from May 3, 1900, to March 26, 1902, as an assistant to a principal of one of the public schools under the control of the defendant.

I am of the opinion that the instrument executed by the plaintiff on the 6th day of January, 1904, and the proceedings in connection therewith, constitute an accord and satisfaction of plaintiff's claim.   It was admitted on the trial that since 1873 plaintiff has been a teacher in the public schools, and from December 1, 1897, down to March 27, 1902, was appointed, assigned and acted as such assistant to principal.   During the period in dispute, she was paid at the rate of $1,260 per annum.   By an act of the Legislature known as the "Davis Act" (Laws 1900, c. 751, § 4), the charter of the city of New York was amended (section

1091) so that the board of education was given power to adopt by-laws fixing the salaries of the teaching staff, which in the case of a female assistant to the principal in said schools should not be less than $1,600 per annum after 10 years of service. On the 27th of March, 1902, the defendant passed a by-law which provided that persons who at the time of the passage thereof were acting as assistants to principal (provided they were appointed as such prior to February 1, 1898) should at once become entitled to the rank and pay of assistant to principal.

The plaintiff contends that the statute above referred to which was passed May 3, 1900, to take effect immediately, was self-executing, and did not depend upon the passage of a by-law by the defendant board. It may be that such contention is correct, but the defendant had taken a contrary position, and there is no suggestion that such position was not taken in good faith. On January 6, 1904, the plaintiff, being desirous that her claim should be recognized, executed a paper which recited that she had submitted an application for rank and pay as assistant to principal; that there was doubt as to the validity of her appointment and assignment to the work; and that, in order to protect the board of education from the effects of any possible litigation should her claim be recognized, she waived all claim for any arrears of salary as assistant to principal between May 3, 1900, and March 26, 1902, and released the board therefrom. Upon the execution and delivery of that paper, her application was favorably acted upon, and she was recognized and paid from March 26, 1902, as such assistant. This agreement constituted an accord between the parties and the subsequent action of the board in acting thereon, and recognizing her claim amounted to a satisfaction. Simons v. Supreme Council, 178 N. Y. 263, 70 N. E. 776; Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102; Lewinson v. Montauk Theater Co., 60 App. Div. 572, 69 N. Y. Supp. 1050; Sutton v. Corning, 59 App. Div. 589, 69 N. Y. Supp. 670.

The plaintiff sought to break the force of this by claiming that the execution of the instrument was obtained by fraud or duress and in ignorance of the statements contained in it. The evidence does not sustain this contention. Mr. Stevens, with whom she talked respecting it, was an associate superintendent of schools in the city of New York. He was not a member of the defendant corporation nor of its executive committee, nor one of its administrative officers, so far as employing, discharging, and fixing the salaries of teachers are concerned. It is quite apparent that he was acting in this matter rather as a friend and adviser of the plaintiff than as the agent of the defendant. She knew at the time that she executed the paper that it was a waiver of money, which she might have claimed for salary. She further states that:

"Rather than not get anything and not have my rank that I had been since 1898, an assistant, and rather than get nothing and not have my rank even named, I signed it."

She clearly knew, therefore, what she was doing. But, in any event, no representation that he made of any existing fact is shown to be false. The plaintiff claims that he did state that all of the other

persons in similar positions to the plaintiff on the date of the conversation with her had signed similar waivers.

There is no evidence that this statement is not true. It appears that a few of the claimants to the position of assistant to principal did refuse to execute such waivers, but there is no evidence that such refusal was made prior to the date of such conversation. The expressions of opinion on the part of Mr. Stevens, as to the effect of the paper, even if he could be considered the agent of the board, were not representations of existing facts, and the defendant could not be held liable for error therein.

There must be judgment for the defendant dismissing the complaint, with costs.