### METROPOLITAN SHIRT WAIST CO. v. KAMIONER.

(Supreme Court, Appellate Term, First Department. January 9, 1913.,

ACCORD AND SATISFACTION (§ 11*)—COMPROMISE AND SETTLEMENT (§ 5*)—RECEIPT IN FULL—ACCEPTANCE OF CHECK.

The act of a creditor in accepting and collecting a check upon which was written the words "in full payment to date," following an honest dispute as to the balance due on an account, constituted a satisfaction of the account.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11;* Compromise and Settlement, Cent. Dig. §§ 10–16; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 7, p. 6329.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Metropolitan Shirt Waist Company against Lee Kamioner. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Horwitz & Rosenstein, of New York City (Edwin Horwitz, of New York City, of counsel), for appellant.

Abraham B. Albert, of New York City, for respondent.

GUY, J. Plaintiff sues to recover a balance of $66.31 alleged to be due for goods sold and delivered. The defense is an accord and satisfaction. Defendant claimed he had returned goods to the amount of $138.82, and that he should be allowed a discount of $37.72, and $2 for express charges. On the trial the shipment of the goods was admitted, and there was proof of the return of some of the goods by defendant, of a claim by defendant of a discount of $37.42, and a part payment on account.

About March 15, 1912, plaintiff's representative, Silverstein, called and demanded payment of the balance. A dispute arose as to the return of the goods and the discount. Finally defendant's bookkeeper wrote out and delivered a check for $195.83, "in full payment to date."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This was the balance due as shown by defendant's books. He told plaintiff's representative it was in full. The latter took it. The plaintiff indorsed it, deposited it, collected it, and still retains the amount collected. Silverstein testified that the defendant claimed there were returned goods; that some goods were in fact returned, though less than defendant claimed; did not deny that there was talk about a discount; admitted the receipt of the check; said he did not see the words "Paid in full" on the check, which are not the words written on the check.

There was an honest dispute as to the amount due, which was terminated by plaintiff's taking and collecting a check for the amount tendered by defendant "in full payment to date." It matters not whether there was a "solid foundation for the dispute. The test in such cases is: Was the dispute honest or fraudulent? If honest, it affords the basis for an accord between the parties, which the law favors, the execution of which is the satisfaction." Simons v. American Legion of Honor, 178 N. Y. 263, 265, 268, 269, 70 N. E. 776; Seybel v. Metz, 120 App. Div. 291, 293, 105 N. Y. Supp. 145, affirmed 194 N. Y. 589, 88 N. E. 1132.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.