In the Matter of the Accounting of CHARLOTTE G. DEAN, as Executrix of FRANK E. LOCK, Deceased.

Surrogate's Court, Erie County, September 3, 1946.

*Chester B. Smith* for petitioner.

*George R. Blair,* special guardian for Anna Kerl, an incompetent, claimant.

*Thomas Lippes* for claimant.

VANDERMEULEN, S.   The claimant herein, Rose Trautman, as committee of Anna Kerl, an incompetent person, has presented a claim on a negotiable promissory note of $500 dated April 10, 1940, made payable to the incompetent by the above decedent, Frank E. Lock.   The note was found among the incompetent's effects in a torn condition.   The executrix of the estate rejected the claim contending that the same was cancelled by the holder thereof.

It is conceded that a note in the condition of the one in question is presumed cancelled by the holder thereof. (Negotiable Instruments Law, § 204.)

Such a presumption is one of fact and whether such mutilation of the note was intended as a cancellation by the holder is a question of fact to be determined by the circumstances and the evidence thereof. (*Greene* v. *Poz,* 182 N. Y. S. 900, 902.)

Intention to cancel a negotiable instrument by the holder thereof is an essential element of such discharge of the negotiable instrument. (10 C. J. S., Bills and Notes, § 475, p. 1036; *Larkin* v. *Hardenbrook,* 90 N. Y. 333.)

The note being negotiable, consideration is presumed. There has been no proof of lack of consideration nor is there any proof of payment. So that the sole question is whether or not the cancellation was intentional.

There are some exceptional features in this case. The payee of the note became a patient of Providence Retreat about December 21, 1940, and then was committed to the Buffalo State Hospital on January 4, 1941, as an incompetent person. She is still an inmate of that institution. This occurred approximately nine months after the making of the note. Were we dealing with the acts of a competent person, the presumption of cancellation might prevail, but this court is uncertain as to how long this enfeebled condition of the payee's mind and diminishing mental capacity existed before she was adjudged incompetent. There must have been a steady progress of the deterioration of her mental faculties. This is a serious phase to be considered on the question of intention to cancel.

Because of the apparent mental condition of the holder of the note, the actual intention of cancellation is too questionable to sustain the defense of cancellation against a valid note not proved to have been paid.