McCORMICK v. SHEA et al.

(Supreme Court, Appellate Term. June 1, 1906.)

1. BILLS AND NOTES —INDORSERS RELEASE — CANCELLATION OF SIGNATURE—CONSIDERATION—NECESSITY.

Under Negotiable Instruments Act, Laws 1897, p. 744, c. 612, § 201, providing that a person secondarily liable on a negotiable instrument is discharged by the intentional cancellation of his signature by the holder, an indorser, to the cancellation of whose signature the holder of a negotiable instrument agrees, is released, though there be no consideration for the cancellation.

2. SAME—EVIDENCE.

Where in an action on a note, defendant indorser contended that plaintiff consented to the cancellation of the indorsement by defendant's representative, the fact that the crossing out of the name was not made by plaintiff personally, though in his presence, was a fact which the jury could consider in determining the facts as to the cancellation.

3. APPEAL—REVERSAL—WEIGHT OF EVIDENCE.

It is not sufficient, for the purpose of a reversal on the ground that the result is against the weight of the evidence, that the appellate court may have reached a different conclusion on the facts, provided there was sufficient evidence to support the verdict.

4. BILLS AND NOTES—CANCELLATION—BURDEN OF PROOF.

Under the express provisions of Negotiable Instruments Act, Laws 1897, p. 744, c. 612, § 204, providing that a cancellation made uninten-

tionally, or under a mistake, or without the authority of the holder, is inoperative, the burden of proof lies on the party alleging that the cancellation was made unintentionally, or under a mistake, or without authority.

Appeal from City Court of New York, Trial Term.

Action by John McCormick against Annie A. Shea and another. From a judgment for defendant Annie A. Shea, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

See 97 N. Y. Supp. 358.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

David Bernstein, for appellant.
Franklin Bien (Josiah Canter, of counsel), for respondent.

GILDERSLEEVE, J. The action is on a promissory note against the defendant Thomas J. Shea as maker and defendant Annie A. Shea as indorser. Said Thomas J. Shea, the maker, does not defend the action. There is a very sharp conflict of evidence as to the facts, and the jury found for the defendant. Plaintiff appeals.

It is conceded that before maturity the indorsement of said Annie A. Shea was canceled. This was done by a representative of defendant's attorney, who scratched out the indorser's name in the presence of plaintiff. The parties were negotiating with respect to claims of each against the other, and it is the contention of defendant that as a part of a compromise plaintiff consented to the cancellation of said indorsement. Plaintiff, on the other hand, claims he never authorized such cancellation and protested against the same. He further claims that there was no consideration for such cancellation. Even so, if he did, in point of fact, authorize and agree to this cancellation, the indorser was released, as a person secondarily liable on a negotiable instrument is discharged "by the intentional cancellation of his signature by the holder." Negotiable Instruments Act, Laws 1897, p. 744, c. 612, § 201; Larkin v. Hardenbrook, 90 N. Y. 333, 43 Am. Rep. 176; Schwartzman v. Post, 94 App. Div. 474, 84 N. Y. Supp. 922, 87 N. Y. Supp. 872.

The fact that the crossing out of the indorser's name was made, not by the plaintiff personally, but by defendant's representative in his presence, was a fact which the jury might have considered in determining whether the plaintiff's or the defendant's version of the facts was the correct one. They believed the defendant's version. It is not sufficient, for the purpose of a reversal on the ground that the result is against the weight of evidence, that the appellate court may have reached a different conclusion upon the facts than that arrived at by the jury, if there is sufficient evidence to support the verdict. In order to justify a reversal, it must clearly appear that the fair preponderance of proof is really on the side of the defeated party. Lorenz v. Jackson, 88 Hun, 202, 34 N. Y. Supp. 652; Clinton v. Frear, 107 App. Div. 571, 95 N. Y. Supp. 321. In the case at bar there is considerable evidence, which, if believed, justifies the verdict. This evidence the jury were at liberty to believe, and the appellate court does not feel warranted in setting aside the verdict.

The learned counsel for the appellant urges that the court erroneously charged as follows:

"Whenever any signature on a note appears to have been cancelled, the burden of proof lies upon the party who alleges the cancellation was made under mistake or without authority; and therefore the plaintiff in this case has the burden of proof to establish that fact."

There was no error here. Negotiable Instruments Law, Laws 1897, p. 744, c. 612, § 204, provides that:

"A cancellation made unintentionally or under a mistake or without the authority of the holder is inoperative; but where an instrument or any signature thereon appears to have been cancelled, the burden of proof lies on the party who alleges that the cancellation was made unintentionally or under a mistake or without authority."

In the case at bar the signature of the indorser appeared to have been canceled, and plaintiff claimed it was canceled without authority. The burden, therefore, was on him to show that it was so canceled without authority. There are no other exceptions that require discussion.

The judgment and order appealed from must be affirmed, with costs. All concur.