BJARNIE PETERSON v. WILLIAM CONLAN AND CHRISTOPHER CON-
LAN, DEFENDANTS, WILLIAM CONLAN, APPELLANT.

Opinion filed January 7, 1909.

### Animals — Injuries — Evidence — Appeal and Error.

1. Action to recover for personal injuries inflicted upon plaintiff by an alleged vicious bull or stag, which it is claimed was the property of appellant, and which was negligently suffered and permitted to escape from its inclosure and to trespass upon the land where the injuries were inflicted. *Held,* that the evidence was sufficient to require the issue as to appellant's ownership of the offending animal to be submitted to the jury, and, the jury having by the verdict found such issue in plaintiff's favor, the same will not be disturbed by this court.

### Same.

2. The complaint was apparently framed to embrace the following alleged grounds or theories of recovery: First, that the animal was vicious, and was known to be vicious by its owner, and that he kept and harbored the same in such a negligent manner as to permit its escape from his inclosure and to inflict the injury complained of Second, that the animal was trespassing at the time of the injury. Hence its owner is liable for any damage done by it. Third, negligence of the owner in permitting the animal to thus escape. The trial court submitted the issues to the jury on the first two theories only. *Held,* conceding, without deciding, the evidence of the known viciousness of the animal to be sufficient to require its submission to the jury, that a new trial must be ordered because of errors herein-after mentioned in the instructions relative to the second ground or theory above stated; it being impossible to determine on which theory the verdict was rendered.

### Same — Trespassing Animals — Instructions.

3. Plaintiff, not being the owner or entitled to the possession of the real property on which the animal was trespassing at the time of inflicting the injury, cannot recover as for a trespass, and the instructions to the jury relative to this phase of the case constitute reversible error.

### Same — Injury — Proximate Cause.

4. Such instructions were erroneous, for the further reason that they, in effect, amounted to a peremptory charge to find for plaintiff, provided the jury found appellant to be the owner of the animal, regardless of the question of appellant's negligence, and also without regard to whether the particular injury complained of was proximately caused by such trespass. Section 6582, Rev. Codes 1905, restricts a recovery in such cases to damages proximately caused by the tres-pass.

**Same — Judgment.—. Theory of Case — Statutory Liability.**

5. The recovery cannot be sustained on the third ground named because the case was not tried, nor the jury instructed, on such theory. Neither, for the same reason, can the recovery be sustained upon the theory that there is a statutory liability resting on defendant under sections 9405, 9408, Rev. Codes 1905, as contended for by respondent.

Appeal from District Court, Pembina county; *Kneeshaw, J.*

Action by Bjarnie Peterson against William Conlan and Christopher Conlan. From a judgment for plaintiff, William Conlan appeals.

Reversed.

*Bangs, Cooley & Hamilton,* for appellant.

Knowledge by the owner of the vicious inclination of a domestic animal, is essential to charge such owner with damages. Finney v. Curtis, 21 Pac. 120; Spring Co. v. Edgar, 99 U. S. 645; Vrooman v. Lawyer, 13 Johns 339; Losee v. Buchanan, 51 N. Y. 476; 2 Cyc. 368; 2 Am. & Eng. Enc. Law, 364; May v. Burdett, 3 Eng. Rule Cases, 108.

Owner is not liable without prior knowledge of the particular vicious propensity that caused the harm. Losee v. Buchanan, 51 N. Y. 476; Cooley on Torts, (2nd Ed.) 402; Moynahan v. Wheeler, 22 N. E. 702; Weide v. Thiel, 9 Ill. App. 223; Hammond v. Melton, 42 Ill. App. 186; Meredith v. Reed, 26 Ind. 334.

The owner of an animal is liable for any injury done by it while trespassing. Cooley on Torts, (2nd Ed.) 400; Shearman & Redfield on Negligence, Sec. 627; Sprague v. Fremont R. Co. 6 Dak. 86, 50 N. W. 617; Bulpit v. Matthews, 34 N. E. 525; Bostwick v. Railroad Co. 2 N. D. 440, 51 N. W. 781; Randall v. Gross, 93 N. W. 223; 2 Cyc. 392; Van Leuven v. Lyke, 1 N. Y. 515; Marsh v. Hand, 24 N. E. 463; Malone v. Knowlton, 15 N. Y. Sup. 506; Kinmouth v. McDougal, 19 N. Y. Sup. 771; Dolph v. Ferris, 7 Watts & Serg. 367.

Breach of the close by a trespassing animal makes owner liable for damage done, regardless of knowledge of vicious tendency. Chunot v. Larson, 43 Wis. 536, 28 Am. St. Rep. 567; Page v. Hollingsworth, 7 Ind. 319; Lee v. Burke, 15 Ill. App. 651; Angus v. Radin, 8 Am. Dec. 626; Morgan v. Hudnell, 40 N. E. 716; Mosier

v. Beale, 43 Fed. 358; Dufer v. Cully, 3 Or. 377; Beckett v. Beckett, 48 Mo. 396.

*M. Brynjolfson* and *Jeff M. Myers,* for respondent.

FISK, J. Plaintiff had judgment in the court below for the sum of $1,200, and costs, and this appeal is from such judgment, and from an order denying a motion for a new trial.

The action was brought against the appellant and his son, and plaintiff's cause of action, as alleged in the complaint, is, in substance as follows: That on September 25, 1904, defendants were the owners of a certain vicious bull or stag, well knowing the said animal to be vicious and dangerous to mankind, and they did willfully and wrongfully keep and harbor said animal, and wrongfully and negligently permitted the same to run at large and trespass upon the lands of plaintiff; that on said date, and while said animal was thus trespassing upon plaintiff's lands, it charged upon and gored the plaintiff with its horns, inflicting grevious bodily injury, to his damage in the sum of $3,000. The answer amounts to a general denial. The complaint was apparently drawn to embrace several grounds or theories of recovery. First, the ground or theory that defendants are liable because of the fact that the animal was vicious and known to be such by defendants, and that they kept and harbored the same in such a negligent manner as to permit the same to escape from defendants' inclosure and inflict the injury complained of; second, upon the ground or theory that the injury was inflicted while the animal was trespassing upon plaintiff's land; and third, that defendant was negligent in permitting the animal to escape from its inclosure and to trespass upon the land of plaintiff and his neighbor where the injury was inflicted.

As stated by appellant's counsel, to sustain a recovery upon the first ground, it must appear, first, that appellant was the owner of the animal at the date of the injury; second, that such animal was vicious; and, third, that he was known by the appellant to be vicious. It is appellant's contention that the proof is insufficient to show his ownership of the animal at the date of the injury, and hence that under no theory of the case can the recovery be sustained. The appellant admits his ownership of the animal from the time of its birth until the spring of 1904, but he swore that at said time he sold the same to his son and codefendant, Chris. Conlan, and this testimony is corroborated by that of the son. Opposed to this is the testimony of the witness Gudman, a butcher

at Cavalier, who testified that he purchased the animal from appellant shortly after the injury, and he details a certain conversation with appellant prior to that time, and in the early part of September, in which appellant said he had a steer and a cow he wanted to sell; that he wanted to get rid of the stag because he was acting a little cross, and he had trouble to keep him in the fence. After the injury, and in the latter part of September, appellant asked witness if he could not take that steer from him, saying, "It wasn't his steer, but it was Chris. Conlan's, but he wanted to sell him. He was tied up in the barn, and he had to sell him. * * * He said at that time that it wasn't his steer." It seems to be conceded, at least appellant does not deny the fact, that the animal which inflicted the injury complained of is the identical animal which was thereafter sold to Gudman; and the jury by the verdict, and the trial judge in denying the motion for a new trial, reached the conclusion, after hearing the testimony and observing the witnesses upon the stand, that appellant was, in fact, the owner of the animal at the time it inflicted the injuries aforesaid. While, as argued by appellant's counsel, it is possible to harmonize the testimony of the witness Gudman with that of the appellant and his son, still we think the jury was not bound to do so, but on the contrary was justified in construing it as sufficient proof of an admission made by appellant contrary to his sworn testimony; and, when thus construed, we think it created a substantial conflict in the testimony upon the issue regarding appellant's ownership of the animal at the date of the injury. Hence the finding of the jury upon this issue will not be disturbed by this court. Whether the evidence is sufficient upon which to sustain the recovery upon the first ground or theory above stated it is unnecessary to determine. The only proof in the record tending to show that the animal was vicious, and that appellant had knowledge thereof, is the appellant's admission, testified to by the witness Gudman, that the animal "was acting a little cross, and he had trouble to keep him in the fence." It is not contended by respondents' counsel that this was sufficient proof that the animal was vicious, and that appellant had knowledge thereof; nor do they rely upon any such theory in the case to sustain the verdict.

Respondents' counsel seek to sustain the judgment upon either one of the following grounds: (1) That the injury was inflicted while the animal was trespassing upon plaintiff's land, and hence plaintiff may recover for the injury as aggravated damages grow-

ing out of such trespass; or (2) that the animal was a bull, and was permitted to run at large, contrary to the provisions of section 9405, Rev. Codes 1905, and that defendant is liable under section 9408, Rev. Codes 1905, for the damages caused to plaintiff by such injury. It is appellant's contention in brief that trespass will not lie, for the reason that the injury was not inflicted upon plaintiff's land, but was inflicted upon the land of plaintiff's neighbor, a few rods from the dividing line between plaintiff's and his neighbor's land. In other words, he contends that "the particular injury suffered by the plaintiff will not support an action, unless it be considered as a part of, in connection with, and in aggravation of, a trespass; and, if plaintiff was not in possession of the lands upon which the trespass was committed, there was, as to him, no trespass of which the personal injuries were an aggravation." He also contends that the recovery cannot be sustained under the facts upon any theory of law.

The learned trial court submitted the case to the jury under instructions which recognized two theories of recovery. First, upon the theory of the known viciousness of the animal; and second, upon the theory of defendant's liability if the animal was a trespasser at the time of inflicting the injury. The instructions pertaining to the first theory were, we think, strictly accurate, assuming that there was sufficient evidence to require a submission to the jury of the questions of the viciousness of the animal and of defendant's knowledge thereof. Upon the other phase of the case we deem the instructions faulty; and, in view of the impossibility of determining upon which theory the jury arrived at the verdict, a new trial must follow. Aside from the questions of the ownership of the offending animal and the extent of the damage, the instructions amounted to a direction of a verdict in plaintiff's favor. They were as follows: "That the court instructs you that, notwithstanding the fact that you may not find that the defendants, or either of them, had any knowledge of the vicious character of the stag prior to the date of the injury, and notwithstanding the fact that you may not find the defendants, or either of them, had any notice or sufficient reason to believe that the stag in question was cross and ugly, or had shown vicious propensities prior to the injury, yet notwithstanding the fact that you may not so find, the court instructs you that if you do find, by a fair preponderance of the evidence, that on the 25th day of September, 1904, on the date of

—14—

the alleged injury the defendants, or either of them, was the owner of the black stag in question, and you further find that on or about said date that said stag injured the plaintiff as alleged in the complaint, and you further find from the evidence that at the time of the injury the stag was in a place that he had no right to be, and that plaintiff was in a place that he had a right to be, and further find from the evidence that at the time of the injury the stag was a trespasser, and you further find that such stag was trespassing on the land of another, without the owner's consent, and that while such stag was so trespassing, he inflicted the injuries on the plaintiff complained of by him, and you do not find that the plaintiff was guilty of contributory negligence, then the court instructs you that your verdict must be for the plaintiff, and against such of the defendants as you may find were the owners of the stag at the time of the injury, for all damages sustained by him that were the proximate result of the injury, not exceeding the sum of $3,000."

The testimony without dispute disclosed that the animal inflicted the injury to plaintiff; that at the time such injury was inflicted the animal was a trespasser upon Spearman's land, while plaintiff was rightfully there, at least as a mere licensee, and there was not even a suggestion or intimation that plaintiff was guilty of contributory negligence. These instructions were evidently given upon the theory, supported by some of the cases in other jurisdictions, that the owner of a trespassing animal is liable in any event for all damages whether they could have been anticipated or not, which are caused either proximately or remotely by such animal while trespassing. The authorities in support of this rule proceed upon the doctrine that plaintiff has a cause of action against the owner of the animal for the trespass, and that the damages for the special injury may be recovered as aggravated damages growing out of, and connected with, the primary trespass. Conceding the soundness of this rule does not aid respondent, as he cannot maintain trespass, not being the owner or entitled to the possession of the property upon which the animal was trespassing at the time of the injury, and it cannot be properly said that the personal injuries were the result of the previous trespass of the animal upon plaintiff's farm. Plaintiff must recover, if at all, upon a theory of the law consistent with the facts. The facts not bringing the case within said rule, we express no opinion with reference thereto, except to call attention to the following cases bearing upon the question: In the recent

case of Troth v. Wills, 8 Pa. Super, Ct. 1, a very instructive discussion of the rule, both in the majority and minority opinions, is found. In that case plaintiff was injured by a trespassing cow while in the act of driving such animal from her son's garden. The cow was not known to be mischievous or vicious, but plaintiff's recovery was sustained upon the theory that the injury was inflicted while the animal was trespassing, and that such injury was incident to the primary trespass, or so closely associated with it as to form a substantial part or an immediate result of it. Two out of the five judges dissented, upon the ground that plaintiff, not being the owner or entitled to the possession of the garden, could not maintain trespass, and also upon the ground that the injuries inflicted were not the natural or proximate result of the trespass. We quote as follows: "In the present case, had the owner of the garden brought suit against the appellant for the injury done by the cow in breaking in and entering the inclosure, eating or trampling the growing vegetables, or indeed any other harm that domestic cows, as a class, are prone and accustomed to do, and that this one had caused him, he certainly would have been entitled to recover. That, however, is not the case before us. We are called on to determine whether the rule * * * shall be established in Pennsylvania that the owner of a useful, gentle, and domestic animal, belonging to a class recognized from the earliest times as harmless to man, * * * shall be responsible for the conduct of the animal, foreign to its well-known nature and habits, if it happen that through any negligence of such owner, or his servant, it is permitted to trespass on the land of another, and there injures a third party. The authorities on this subject are numerous and impossible to reconcile. Some of them rest on statutes or ordinances, not always adverted to in the text-books or digests, in which they are hastily cited. Others are based on the theory, that the right to recover exists because of the trespass to realty, and that any unusual and not to be expected injury caused by the animal to the person of the owner of the land, or his other property, must be alleged and proved by way of aggravation of damages. Another class of cases hold that all injuries committed by an animal, in a place where it has no right to be, must be compensated for by the owner. It is on the latter theory of the law that the plaintiff must recover, if she can sustain her action, as we do not deem it worth while to notice the few erratic and sporadic cases, seemingly decided

on no discoverable reason, except an assumed natural equity, that any one injured by anything animate or inanimate, belonging to another should be compensated by the owner." After reviewing a number of decisions in Pennsylvania and other states, and differentiating them from the case under consideration, the opinion proceeds: "The adoption of the rule, sanctioned by the decisions of many respectable tribunals in other states, that the owner of every trespassing domestic animal is liable, merely because it is a trespasser, for all injuries it may commit, however contrary to its usual nature and disposition, and regardless of his knowledge of its special viciousness, might often lead to strange and unthought of consequences. For instance, suppose that a pet lamb, always regarded as a harmless playmate of children, is permitted to wander from its owner's premises into those of a neighbor, and there, in play or anger, butts a child from a high veranda, or a trespassing hatching hen, discovered on its nest by the little son of the owner of the premises, pecks out the eye of the boy as he is lawfully trying to drive it away, the unfortunate owner would be liable in each instance for all the resulting damages. In vain would he urge that the animal causing the injury belonged to a class ordinarily docile in its nature and harmless to man, that he had no reason to anticipate that it would do such unusual mischief, and that he was only responsible for the things hens, lambs, and milch cows usually do, and may be expected to do, when trespassing; that is, for the natural and probable consequences of their trespasses. The answer, under the rule we are considering, would be, 'You were guilty of negligence in permitting your animal to trespass, and therefore you are liable for all its freaks, for the consequences of the wrong, near and remote, probable and improbable, for the things you had reason to anticipate, and those which no one would be likely to think could happen, save as a remote possibility.' The results that might follow the application of such a rule demand its rejection, where it has not already been fully adopted." To the same effect are Klenberg v. Russell, 125 Ind. 531, 25 N. E. 596; Fletcher v. Rylands, 1 Eng. Rul. Cases, 236; Losee v. Buchanan, 51 N. Y. 476, 10 Am. Rep. 623, and numerous other cases.

Appellants counsel give it as their opinion, however, that under the weight of authority the owner of a trespassing animal is liable in an action of trespass for any injury done by such animal while trespassing, citing Cooley on Torts (2nd Ed.) p. 400; Sherman and

Redfield on Negligence, § 627; Decker v. Gammon, 44 Me. 322, 69 Am. Dec. 99; Van Leuven v. Lyke, 1 N. Y. 515, 49 Am. Dec. 346; Beckett v. Beckett, 48 Mo. 396, and other cases. However this may be, we are very firmly impressed with the justness, as well as soundness, on principle, of the rule that only such damages may be recovered, where the trespass is not willful, as will compensate the injured party for all the detriment proximately caused by such trespass, and such is the statutory rule in this state. Section 6582, Rev. Codes 1905. The fact that the detriment could, or could not, have been anticipated is not controlling, but the test is whether the injury was the proximate result of the breach of duty owing by defendant to plaintiff. If so, he is liable; otherwise not. After reviewing certain cases relating to the rule here under consideration, Bartholomew, J., in Ouverson v. City of Grafton, 5 N. D. 291, 65 N. W. 678, referred to the above statute, saying: "And our statute (Comp. Laws 1887, § 4600) seems to go further, and to make defendant liable for any result which is proximate, though not anticipated." If therefore, it be conceded, as contended for by respondent's counsel, that plaintiff may recover as for a trespass, the question would then arise whether, under the facts, the injury inflicted to plaintiff's person by such animal could be deemed the proximate, as distinguished from the remote, result of the trespass. Upon this very interesting question we are not required to express an opinion, as we hold, under the facts, that plaintiff has no cause of action for the trespass.

We are convinced that plaintiff's cause of action, if he has any, other than upon his first theory, is not for trespass, as his counsel contend, but that it is for negligence of the defendant in permitting the animal to escape from his inclosure and to do the injury complained of. The uncontroverted testimony is to the effect that the offending animal was a bull, and the owner owed to plaintiff and all persons the common-law duty of exercising due care to protect them, not only from known viciousness, but from the mischievous acts of such animal, which might reasonably be expected from the natural disposition and propensities of animals of this class. Whether defendant exercised such care under the facts of the case at bar as a reasonably prudent person would be expected to exercise under the like circumstances was for the jury to determine. We think the complaint sufficient to support a recovery under this theory, but such theory was not adopted in the trial of the case, nor in the

court's instructions, but on the contrary, as before stated, the jury was instructed, in effect, that if the animal was a trespasser, its owner, regardless of any negligence on his part, was absolutely liable to plaintiff for the injury done. We think the question as to defendants' liability should be determined by the rule announced in Barnum v. Terpening et al., 75 Mich, 557, 42 N. W. 967, and Hammond v. Melton, 42 Ill. App. 186, and similar cases, in which it was held, in effect, that it was for the jury to say whether defendant was negligent, in view of the known or ordinary propensities of such an animal, in the manner of keeping or restraining the same.

Respondent asks us to sustain the recovery upon the theory that the animal, being a bull, was permitted or allowed by defendant to run at large, and hence that there is a statutory liability, under section 9408, Rev. Codes 1905, resting on defendant to respond in damages for all injuries inflicted by such animal. We are not called upon to determine whether the facts proved bring the case within the statute aforesaid, it being a sufficient answer to respondent's contention that no such ground of recovery was relied on, either in the pleadings, or at the trial of the case. The conclusion we have reached renders it unnecessary to notice appellant's assignment in detail.

For the error in the instructions pointed out, the judgment and order appealed from are reversed, and a new trial ordered. All concur.