## CHARLES F. HELMAN v. MYRA STRONG.

(157 N. W. 986.)

**Promissory note — action on — note marked "paid" — delivered to defendant by plaintiff — prior to maturity — evidence of relations between parties — intimate and friendly.**

1. In an action to recover upon a promissory note executed and delivered to

plaintiff by defendant, it is conceded that the note was marked paid by plaintiff, and delivered to the maker prior to its maturity, and at the trial plaintiff sought to show that notwithstanding these facts the note was still an existing, unpaid obligation, while defendant contended that it had been paid in full. Certain oral testimony as well as letters written by defendant to plaintiff were received in evidence over defendant's objection, which testimony tended to show plaintiff's infatuation for defendant, and intimate, friendly relations existing between them, even to the extent of marriage negotiations. *Held,* not error to receive such testimony.

**Prior relations — existing between the parties — competent — jury — issues of fact.**

2. Evidence tending to show prior relations existing between litigants is usually competent, for what it is worth, to aid the jury in determining the issues of fact in dispute.

**Promissory note — voluntary cancelation of — by plaintiff holder — obligation — discharge of — defense of — lower court — not urged there — cannot be in supreme court.**

3. Appellant seeks on this appeal to urge the defense that plaintiff, under the conceded facts, voluntarily canceled the note in suit by marking it "paid," and delivered same to defendant, thereby discharging her from liability on such note, but it is held that such defense is not available, it not having been urged in the lower court.

Opinion filed April 27, 1916.

Appeal from the District Court of Foster County, *J. A. Coffey,* J.

From a judgment in plaintiff's favor, defendant appeals.

Affirmed.

*S. E. Ellsworth,* for appellant.

"If there is a presumption of payment, either from lapse of time or from the possession of the evidence of the indebtedness by the debtor, the burden of showing nonpayment is on the debtor." 30 Cyc. 1265.

It is the settled law in this state that a trial court in charging a jury must cover the law of the case, at least in a general way, to the end that the jury may receive reasonable aid and enlightenment upon the essential and controlling questions in controversy. Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Moline Plow Co. v. Gilbert, 3 Dak. 241, 15 N. W. 1; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224.

"It is presumed that an obligation delivered up to the debtor has been paid." Comp. Laws 1913, § 7935, subdiv. 9; Turner v. Turner, 79 Cal.

565, 21 Pac. 959; First Nat. Bank v. Harris, 7 Wash. 139, 34 Pac. 466; Jones v. Hill, 62 Or. 53, 124 Pac. 207; 30 Cyc. 1265.

*Edward P. Kelly,* for respondent.

"When note sued on is in possession of defendant, plaintiff's remedy is complete at law." McClusky v. Gerhauser, 2 Nev. 47, 90 Am. Dec. 512.

"Possession of a note by the maker, after it is matured, raises the presumption of payment, but one that may be rebutted by evidence that such possession was acquired without payment." Rock Island Plow Co. v. Balderson, 26 S. D. 399, 128 N. W. 482; Dan. Neg. Inst. § 1228; Jones, Ev. § 43; Turner v. Turner, 79 Cal. 565, 21 Pac. 959; Potts v. Coleman, 67 Ala. 221; Callahan v. Bank of Kentucky, 82 Ky. 231.

The court fully covered the law applicable to the case, in his general charge, and, if defendant desired further or more explicit instructions on the subject, he should have requested the court in proper manner, to give them. Not having done so, he cannot complain. Carr v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; 11 Enc. Pl. & Pr. 261, note 7; McCummins v. State, 132 Wis. 236, 112 N. W. 25.

Fisk, Ch. J.   Action to recover upon a $300 note executed and delivered by defendant to plaintiff; also to recover $400 and interest on account for moneys claimed to have been loaned by plaintiff to defendant. Plaintiff had judgment in the lower court, pursuant to the verdict, in the sum of $700 with interest at 8 per cent on the note only, and for costs. The reason that interest was not allowed on the $400 item evidently is because of an erroneous instruction to the effect that the allowance of interest thereon was a matter of discretion with the jury.   The giving of such instruction was no doubt the result of mere inadvertence on the part of the learned trial court, and had his attention been called thereto, as it should have been, he undoubtedly would have corrected the error. The respondent, however, is the party prejudiced thereby, and he has not seen fit to complain or to ask the trial court to amend the verdict and judgment so as to include interest thereon at the legal rate.

The specifications of error are all aimed at rulings and instructions appertaining to the first cause of action, which involves the $300 note. Hence the verdict and judgment, in so far as the second cause of action is concerned, cannot be disturbed.   True, near the close of appellant's brief, counsel say: "It is true that the note constituted but one of the

causes of action alleged in plaintiff's complaint. Both causes were, however, submitted to the jury at the same time, and the verdict is for a lump sum, from which it is impossible to calculate just how much was allowed upon the note and what sum upon the account for money loaned. The bundle of letters was also entirely irrelevant to the issues presented by the second cause of action; and deficiency in the charge of the court on that point would be as prejudicial to defendant upon the second cause of action as the first." We deem this contention unsound. The verdict clearly discloses that but $400 was allowed on the account, while the full amount of the note ($300) and interest thereon were allowed on the first cause of action. The bundle of letters referred to was, as counsel state, entirely irrelevant to the issues under the second cause of action, and, this being true, we are unable to perceive just how the instruction relative to such letters could have operated to prejudice defendant in her defense as against the second cause of action, and counsel fails to enlighten us on this point by argument or otherwise. We shall therefore confine ourselves to a consideration of the alleged errors in so far only as they have a bearing on the first cause of action, and the specifications need be treated only in a general way:

We are convinced that the rulings admitting the oral testimony and also the letters tending to show the relations existing between these parties were proper. While such testimony was entitled to but little weight upon the issue as to whether the note was "past due and payable, and that no part of the same has been paid," as alleged in the complaint, still we deem such testimony proper to go to the jury for what it was worth to be considered in connection with the other evidence in the case.

This brings us to a consideration of the remaining specifications. It is well at this point to refer to the issues, and to the proof offered in support thereof. As to the cause of action on the note the complaint, after alleging in the usual manner the execution and delivery thereof by defendant to plaintiff, alleges in paragraph 2 the following: "That said note is now past due and payable, and that no part of the same has been paid; that notwithstanding the fact that said note is now in the possession of the defendant, this plaintiff is the owner and holder thereof, and the indebtedness therein represented is due and owing to this plaintiff." The answer puts in issue by a specific denial everything alleged in the said paragraph 2, and also affirmatively alleges "that said note has long

since been paid in full by said defendant to said plaintiff, and that said defendant is in no wise indebted to said plaintiff thereon." It would appear therefore that two issues were intended to be raised regarding such note.   First, whether the same, at the time of the commencement of the action, was a live and existing obligation, or in other words, whether plaintiff, as alleged, "is the owner and holder thereof, notwithstanding the fact that said note is now in the possession of the defendant; " and, second, whether the same has been paid.

The proof offered at the trial on the part of both parties, however, seems to have been directed to the single inquiry as to whether the note had in fact been paid.   Counsel for both parties evidently proceeded upon the theory that a recovery might be had on the note, even though the payee had voluntarily canceled the same and delivered it to the maker, provided plaintiff could successfully meet the burden of proving nonpayment, which burden was cast on him by the presumption created by Compiled Laws 1913, § 7963, subdiv. 9.   Such statute creates a presumption of payment from the mere fact that the note was delivered up to the debtor.   But here it is conceded that plaintiff voluntarily and intentionally *canceled* the note by marking it "paid," and delivered such canceled obligation to his debtor, and this was done long prior to its maturity.   It is not contended that he was induced to do so either through fraud or mistake.   Whether this operated to discharge liability on the note we do not here determine as such defense was not properly raised.   On this point, however, see Compiled Laws 1913, § 7004, subdiv. 3.   This section provides: "A negotiable instrument is discharged . . . by the intentional cancelation thereof by the holder."   See also 7 Cyc. 1048 and numerous cases cited.   3 R. C. L. 1270; Whitcomb v. National Exch. Bank, 123 Md. 612, 91 Atl. 689; Union Trust Co. v. Evans, 52 Pa. Super. Ct. 498, 501; McCormick v. Shea, 50 Misc. 592, 99 N. Y. Supp. 467; Schwartzman v. Post, 94 App. Div. 474, 84 N. Y. Supp. 922; Larkin v. Hardenbrook, 90 N. Y. 333, 43 Am. Rep. 176.

Such defense, however, was not raised in the court below, nor in this court until raised by appellant's counsel in a supplemental brief filed since the oral argument, and the query is whether in presenting it for the first time in this court he is too late?   This query must be answered in the affirmative.   The case was tried in the court below upon the theory

that the only defense was a plea of payment. The only issue which the parties required the trial court to determine was whether the note had been paid. This question was submitted to the jury under full and fair instructions, and they found that the note had not been paid. In no manner did defendant's counsel assert that the note was discharged under the provisions of § 7004, subdiv. 3, Compiled Laws 1913, by the intentional cancelation thereof by the plaintiff. The defense was never suggested in the court below. The defendant neither moved for a directed verdict nor for a new trial. Neither was this defense even suggested by any specifications served with the notice of appeal. To permit this defense to be asserted at this time would be permitting defendant not only to change the theory of the defense, but in effect to assert for the first time in the appellate court a defense never thought of in the court below. This is not permissive. A contrary decision on this question would directly conflict with repeated decisions of this court, and would do violence to well-settled legal principles uniformly adopted by the courts of this country. See Peterson v. Conlan, 18 N. D. 205, 119 N. W. 367; Movius v. Propper, 23 N. D. 452, 136 N. W. 942; Ugland v. Farmers' & M. State Bank, 23 N. D. 536, 137 N. W. 572; Harris v. VanVranken, 32 N. D. 238, 155 N. W. 65, 72; Felton v. Midland Continental R. Co. 32 N. D. 223, 155 N. W. 23; Montana Eastern R. Co. v. Lebeck, 32 N. D. 162, 155 N. W. 648; 3 C. J. § 590, 618 et seq.

It follows that the judgment is correct, and the same is accordingly affirmed.