## SULLIVAN et al. *v.* CLEMENTS.

EVIDENCE *must support the allegation.*   In an action of trespass *quare clausum,* if the *locus in quo* be described in the declaration, the evidence must be confined to the place named.

TRESPASS *quare clausum.   Evidence of possession.*   In trespass *quare clausum,* if the plaintiff does not show title, he must show that he was in possession of the *locus in quo* at the time of the alleged injury.

*Appeal from District Court, Jefferson County.*

Messrs. JOHNSON & TELLER, for appellants.

Messrs. BROWNE, HARRISON & PUTNAM, for appellee.

HALLETT, C. J.   This was an action of trespass *quare clausum fregit* in the district court of Boulder county and thence removed to Jefferson, where appellee obtained judgment for $1,360.   The description of the *locus in quo* in the declaration is according to the government survey, and is wholly unintelligible, except the last clause, which comprehends twenty acres of land.   Rejecting that part of the description which we cannot understand and accepting that which is good, the declaration is for a trespass upon twenty acres of land, described according to the lines of the public survey.   The only witness who attempted to describe the premises was less successful than the pleader, inasmuch as his description is unintelligible throughout.   All the witnesses speak of a tract of land, containing one hundred and sixty acres, and we find nothing to connect their testimony with the *locus in quo,* given in the declaration.   Therefore the proof does not come up to the allegation, and in our opinion this is a substantial omission.

By the ancient common law it was unnecessary to name the *locus in quo* in the declaration, and if the defendant pleaded the general issue, the plaintiff could prove a trespass in any part of the parish in which the venue was laid. By the use of the common bar, asserting title to some particular close in the parish, the defendant could compel the plaintiff to describe the close by name or otherwise, and then the parties in the third pleading came to the point, which is now gained in the declaration.

This practice was virtually abolished in A. D. 1654, by allowing plaintiffs to name the close in which the trespass was committed in the declaration.    4 Robinson's Prac. 584.

Perhaps the old practice might be followed at this day in a proper case, but when the *locus in quo* is described in the declaration, it would seem, upon principle and authority, that the evidence should be confined to the place named.    2 Greenleaf's Ev. 618 *a ; Fowle* v. *Wyman,* Quincey (Mass.) 336 ; *Vowles* v. *Miller,* 3 Taunt. 139.

Another objection to the evidence demands attention. Appellee did not introduce evidence of title, but relied upon possession of the *locus in quo,* and of course it must appear that he was actually in possession at the time of the alleged trespass, inasmuch as there can be no constructive possession in the absence of title.    According to the witness Hollingsworth, appellee's possession commenced November 25, 1867, and as he alone appears to have had knowledge of the fact, his statement must be accepted as true.    Now there is no evidence of an entry by appellants after this time.    Appellants entered the premises on the 4th of November anterior to appellee's possession, and at other times not named by the witnesses, but it does not affirmatively appear that appellee's possession was ever disturbed.    The gist of this action is injury to the possession, and the evidence must show that the possession of the plaintiff has been invaded. *Dean* v. *Comstock,* 32 Ill. 173.

For these errors the judgment of the district court must be reversed, with costs, and the cause remanded.

*Reversed:*