(51 App. Div. 97.)

TAYLOR v. WRIGHT.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. TRESPASS TO REVERSION—LESSOR—POSSESSION.
    Under Code Civ. Proc. § 1665, providing that a person seised of an estate in remainder may maintain an action for injury to the inheritance notwithstanding any intervening estate for life or years, an owner of leased premises, not in possession, may maintain an action for trespass consisting of injuries to a line fence and the closing of a right of way.

2. SAME—LESSEE'S COVENANT TO REPAIR—EFFECT.
    A covenant in a lease that the lessee should return the premises in as good condition and repair as they were in when he took possession does not preclude the lessor's recovery for injuries to the inheritance in tearing down a line fence and closing a right of way; the covenant not covering such injuries, and the lessor being in actual possession and use of the right of way under a reservation in the lease.

Appeal from trial term, Schoharie county.

Action by Elizabeth C. Taylor against Charles Wright. From a judgment in favor of defendant dismissing plaintiff's complaint, she appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

A. B. Coons, for appellant.
William C. Lamont, for respondent.

MERWIN, J. Prior to 1889 the plaintiff became, and still is, the owner of a farm of about 300 acres situated in town of Esperance.

In June, 1896, she commenced a suit in justice's court against the defendant to recover damages for trespasses committed by defendant upon the farm and upon a right of way connected therewith. The defendant put in a plea of title, and thereupon the action in the justice's court was discontinued, and the present one commenced in the supreme court for the same cause of action. In the complaint it is alleged, among other things, that for more than six years last past the plaintiff has been, and still is, the owner and in possession of the farm; that at divers times during that period the defendant has entered upon the farm without the plaintiff's consent, and tore down and destroyed the plaintiff's fences, and also obstructed and prevented plaintiff from using a right of way connected with the farm, and which the plaintiff had the right to use, and which was necessary for plaintiff in the use and enjoyment of her lands, such obstruction being by means of a fence built by defendant across such right of way. At the trial the plaintiff gave evidence tending to show that the defendant, without right, entered upon the plaintiff's premises, and tore down and carried away a portion of plaintiff's fence that was a part of a line fence between the plaintiff and the adjoining farm; that the defendant also, by means of a wire fence, closed up a private right of way belonging to plaintiff, and used by her as appurtenant to her farm. Upon the cross-examination of the plaintiff it appeared that on October 12, 1889, a lease or contract was executed by the plaintiff and one Stalker with reference to the occupancy of the farm. This instrument the defendant then put in evidence. By this instrument it appears that the farm was let to Stalker upon shares. The plaintiff reserved for her own use portions of the house and garden and barns, and also the right to do any repairs on the farm that she might deem necessary without doing injury to Stalker. Stalker agreed to cultivate and work the farm in a proper manner, each party to have one-half of the proceeds. Stock was to be kept sufficient to use up the pasturing and the hay and fodder, and each was to furnish one-half the stock and have one-half the proceeds. The plaintiff's half of the crops was to be delivered by Stalker at a certain depot when requested by plaintiff, and the plaintiff also had a claim on Stalker's half as security for his performance of the contract. Stalker was to take possession of the premises on April 1, 1890, and deliver them up on 31st March, 1891, in as good repair and condition as when he took possession, natural wear and tear and the elements excepted. Stalker entered into possession under this contract April 1, 1890. After its expiration he continued to carry on the farm, under substantially the same terms, until April 1, 1896. This covered the period of the trespasses in question. At the close of the evidence on the part of plaintiff, the court granted a nonsuit upon the ground that the plaintiff had not sufficient possession of the farm to maintain the action. The ruling was based upon the case of Campbell v. Arnold, 1 Johns. 511, where it was held that a lessor cannot maintain trespass quare clausum fregit against a stranger for cutting down and carrying away trees while there is a tenant in possession. That case was decided in the year 1806. There may

be doubt whether that rule, in any event, would be applicable to a letting upon shares like the lease in question. Putnam v. Wise, 1 Hill, 234, 248; Taylor v. Bradley, 39 N. Y. 129, 138. There is, however, another view of the subject that seems to be decisive. By section 1665 of the Code of Civil Procedure it is provided that a person seised of an estate in remainder may maintain an action founded upon an injury done to the inheritance, notwithstanding any intervening estate for life or for years. There was a like provision in the Revised Statutes (1 Rev. St. p. 750, § 8), which was a reproduction of section 47 of chapter 246 of the Laws of 1811, passed subsequent to the decision in 1 Johns. The injuries to the line fence and to the right of way were injuries to the inheritance (Smith v. Felt, 50 Barb. 613; Mortimer v. Railway Co., 57 N. Y. Super. Ct. 509, 517; Korn v. Railway Co. [Sup.] 15 N. Y. Supp. 10), and, if so, the plaintiff had a right to maintain the action.

It is suggested by the respondent that as Stalker was under obligation to return the premises in as good repair and condition as when he took possession, he was the only person who could recover for the injuries complained of, and that the plaintiff can only look to Stalker. It appears that the line fences torn down were rebuilt at the expense of the plaintiff, and evidently it was not within the contemplation of the parties to the lease that Stalker should be under obligation to plaintiff to indemnify her against such injuries. Besides, it appears that plaintiff, in the use of the rights reserved to her in the lease, was in actual use of the right of way, and therefore her present right in the right of way was interfered with by the obstruction of the defendant. Except for the question of possession, the trial court was of the opinion that the proof was sufficient for a recovery as to the line fences and the right of way. The court erred, we think, in holding that the plaintiff's possession was not sufficient. It follows that the nonsuit should not have been granted.

Judgment reversed, and new trial granted; costs of appeal to the appellant to abide the event. All concur.