[No. 5061.]
[No. 2627 C. A.]

PATRICK v. BROWN.

1.   Practice in Civil Cases — Trespass — Title — Possession by Plaintiff.

In an action for trespass on land, plaintiff without title must prove actual possession.—P. 300.

2.   Appellate Practice—Instructions—Verdict—Conflicting Evidence.

A verdict under proper instructions based on conflicting evidence will not be disturbed on appeal.—P. 300.

3.   Courts—Justices of the Peace—Jurisdiction—Title to Real Estate.

2 Mills' Ann. Stats., § 2630, provides that if in any action before a justice of the peace relating to real estate, it shall appear that the title is in dispute, the justice shall certify the cause to the district court.   Held, that an action for trespass on land, where plaintiff relied on possession alone, was not within the statute.—P. 301.

*Appeal from the County Court of Otero County.*
*Hon. Marion F. Miller, Judge.*

Action by G. F. Patrick against R. W. Brown. From a judgment in favor of defendant, plaintiff appeals.          *Affirmed.*

Mr. L. A. CRANE and Mr. G. F. PATRICK, for appellant.

Mr. FRED A. SABIN and Mr. R. S. BEALL, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

This controversy is the result of an attempt by appellant, plaintiff below, to enclose for grazing purposes a large tract of land in Otero county.

Judgment by default having been rendered in a justice court against appellee, upon appeal by him to the county court, a trial to a jury resulted in a verdict and judgment in his favor, to reverse which judgment this appeal was taken to the court of appeals.

From the testimony, it appears that the action was trespass, alleged to have been committed by appellee in allowing his cattle to graze upon land claimed to be in the possession of appellant.

There being no pleadings in the case, the issues presented must be determined by the evidence adduced at the trial.

Plaintiff maintained that he was in the actual and exclusive possession of a large tract of grazing land. To prove such possession, he and his witnesses testified that he constructed several miles of wire fence, joining thereby several detached portions of fence owned by other parties, and making thereof a continuous line of fence enclosing the tract of land of which he claimed the actual and exclusive possession; that he kept fence riders along the line of this fence to inspect and repair the same when necessary. It also appeared, from plaintiff's evidence, that a portion of the land enclosed was government land; that a portion of the fence only is 4½ feet high; that several miles of fence is a two-wire fence; that quite a lot of cattle which did not belong to plaintiff were within the enclosure; that the fence enclosed a county road; that defendant's cattle were in the pasture before the fence was put there; that the land was open range when defendant went there with his cattle.

The alleged damages were testified to.

Defendant and his witnesses testified as to the character of the fence; that several miles of it consisted of two wires only; that the cattle drifted on to the land enclosed within the fence, and out on the commons; that the land which plaintiff claimed to be in possession of was open range when defendant drove his cattle upon the land; that the fence testified to by plaintiff did not enclose the land at the time defendant entered upon the land; that defendant's cattle went from the public highway to the land; that the fence built by defendant enclosed this public highway; that defendant was in possession of a house and a quarter section of land attempted to be enclosed by plaintiff under a license from the owner thereof, at the time plaintiff built a portion of the fence; that there was no fence between this quarter section of land, which defendant occupied, and the land claimed by plaintiff; that other cattle than plaintiff's were grazing on the land.

Plaintiff relied solely on possession of the land enclosed by him. To maintain his action, it was necessary for him to prove actual possession.—*Sullivan v. Clements,* 1 Colo. 261.

The question of plaintiff's possession was submitted to the jury under proper instructions, decided adversely to plaintiff upon conflicting testimony, and we are concluded by the verdict, provided no error in the rulings of the court intervened at the trial.

The only assignments of error called to our attention by appellant are based upon alleged errors of the court in rulings upon the admission of testimony introduced by appellee, viz: as to the authority of appellant to enclose the quarter section of land of which appellee was in possession; the license of appellee to occupy such land, and the existence of a county road within the alleged enclosure.

The testimony objected to all went to the question of appellant's actual possession of the land, and not to any question of title or boundaries of the land.

Appellant's objection to such testimony urged here is, that the action having originated in a justice court, such court not having jurisdiction to hear or determine questions of title or boundaries, the county court had no jurisdiction on appeal.

2 Mills' Ann. Stats., § 2630, is relied upon:

"If, in any action before a justice of the peace relating to real estate, it shall appear that the title or boundaries are in dispute, the justice shall certify the cause, and transmit the papers to the district court of the same county."

From a review of the testimony adduced at the trial, it appears that there was no dispute as to either the title or boundaries, within the meaning of the statute above quoted. Neither party claimed title, except by possession, and no attempt was made by either party to establish boundaries.

*Robinson v. Compher,* 13 Colo. App. 343, and *Rosengrave v. Clelland,* 16 Colo. App. 474, are cited in support of appellant's position.

In the *Robinson v. Compher* case it was held that, under our statutes, a justice of the peace has no jurisdiction of an action to settle partnership accounts, it being an equitable matter, and that the county court can acquire no jurisdiction on appeal, where a justice of the peace has no jurisdiction.

In the Rosengrave case, the same rule was applied, where an equitable defense was sought to be interposed in the county court upon an appeal from a justice of the peace.

Thus it is seen that the above authorities are not in point.

The objection to the testimony urged by appellant is not tenable.

Judgment affirmed.

*Affirmed.*

Chief Justice Gabbert and Mr. Justice Gunter concurring.