■   DONALD HOLDRIDGE, Appellant, v. TOWN OF BURLINGTON, Respondent. DONALD HOLDRIDGE, Appellant, v. JACOB WILLEMS, Respondent.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, entered August 26, 1968, in Otsego County, which denied plaintiff's motion for summary judgment limited to the issue of liability.  The complaints in these two actions, one instituted against the Town of Burlington, the other against the Town's Superintendent of Highways, allege in substance that during the months of August and September, 1967 the defendants, without plaintiff's knowledge or permission, entered upon the farm owned by plaintiff, constructed thereon a gravel bed and sand pit and removed therefrom " some thousands of yards of gravel and sand " which were then used in connection with a nearby high-way construction project being conducted by the town.  They further allege that as a result thereof, topsoil, trees and grass in the excavation area were destroyed and that this area has been completely destroyed for farming pur-poses.  At the time the wrongful acts are alleged to have occurred, the farm in question had been leased by plaintiff to one Gerald Wells who was then in possession of the premises.  Defendants assert in their brief, and apparently argued at Special Term that the consent and authorization of Wells had been obtained prior to the entry and subsequent excavation.  Plaintiff made a motion for summary judgment on all the issues in the actions except for the issue of damages.  Neither defendant submitted any affidavit in opposition thereto, but nevertheless, plaintiff's motion was denied on the ground that a substantial issue of fact existed as to the status of Wells during the time the acts complained of took place.  " In opposing a motion for summary judg-ment, once a prima facie showing has been made, it is incumbent upon a defendant to come forward with matters of an evidentiary nature to demon-strate the presence of triable issues  *  *  *  The defendant is required to assemble, lay bare, and reveal his proofs in order to show that his defenses are real and capable of being established upon a trial." (*Steingart Assoc.* v. *Sandler,* 28 A D 2d 801, 802–803; *Indig* v. *Finkelstein,* 23 N Y 2d 728).  This the defendants have failed to do.  No affidavit or other supporting paper was ever submitted in opposition to the motion nor was even a perfunctory showing made of those evidentiary facts, if any, underlying the contentions advanced upon the arguments at Special Term and here.  Defendants by their inaction have failed to support by the requisite evidentiary demonstration their contention that a triable issue of fact exists thereby precluding summary judgment relief.  That plaintiff as lessor is entitled to maintain these actions to recover damages for injuries to his reversion although not in possession of the premises at the time the alleged wrongful acts occurred is a clearly estab-lished proposition.  (Real Property Actions and Proceedings Law, § 831; *Thompson* v. *Manhattan Ry. Co.,* 130 N. Y. 360; *Taylor* v. *Wright,* 51 App. Div. 97.)  Order reversed, on the law and the facts; and motion granted, with costs.  Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Aulisi, J.