■ MANHATTAN LIFE INSURANCE COMPANY, Appellant, v FRANCISCO FERNANDEZ et al., Defendants, and EDWARD PETERSON, Respondent.—Order, Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered November 30, 1984, which denied plaintiff's motion to strike the answer of defendant Edward Peterson and for judgment in plaintiff's favor, is unanimously affirmed, without costs, with leave to plaintiff, if so advised, to make a proper motion for summary judgment.

In this mortgage foreclosure action, the plaintiff Manhattan Life Insurance Company moved "for an order striking the answer of the defendant Edward Peterson and granting judgment of the plaintiff for the relief demanded in the complaint". None of the defendants responded to the motion. The affidavits and documents that were submitted in support of the motion would have been sufficient to grant summary judgment to the plaintiff if the motion had been made under CPLR 3212, but plaintiff neglected to specify the CPLR section it was moving under, or even to specify that it was moving for "summary judgment". Special Term found the answer "adequate" and denied the motion to strike.

While it seems highly likely that plaintiff thought it was moving for summary judgment, Special Term did not treat the motion as such, and indeed it might well be construed essentially as a motion under CPLR 3211 (b) to dismiss the defenses raised in defendant Edward Peterson's verified answer. Clearly, the court in these procedural circumstances had the option to treat the motion as one for summary judgment, but only after adequate notice had first been given to the parties as required by CPLR 3211 (c). *(See, Rich v Lefkovits,* 56 NY2d

276, 281-282.) Plaintiff's prayer for "judgment" in its favor in connection with a CPLR 3211 motion to dismiss defenses, without more, did not constitute adequate notice to the parties that summary judgment was sought under CPLR 3212.

On this appeal plaintiff does not address the merits of the defenses raised in Peterson's answer, but rather urges that it should have been awarded summary judgment through application of the fundamental rule that a party seeking to defeat a motion for summary judgment must come forward with evidence demonstrating the presence of triable issues of fact. *(See, e.g., Holdridge v Town of Burlington,* 32 AD2d 581.) However, as noted earlier, plaintiff has not established that its motion was brought for summary judgment under CPLR 3212. In view of the fact that the parties to this appeal have not addressed the merits of the defenses in the answer (defendant-respondent has not submitted a brief), we do not deem it appropriate to rule on those issues. The order is affirmed, with leave to plaintiff, if so advised, to make a proper motion for summary judgment. Concur—Sandler, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.

(Republished)