Barnett D. PLOTKIN and Sylvia Plotkin, Plaintiffs-Appellees,

v.

CLUB VALENCIA CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation, Defendant-Appellant.

No. 84CA0691.

Colorado Court of Appeals, Div. I.

March 27, 1986.

Pehr, Fox & Pehr, P.C., David W. Pehr, Richard L. Fuller, Westminster, for plaintiffs-appellees.

Podoll & Podoll, P.C., Robert C. Podoll, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Club Valencia Condominium Association, Inc. (Association), appeals from a judgment awarding damages to plaintiffs, Barnett D. and Sylvia Plotkin (owners), on their claim of trespass against the Association. We affirm.

The owners of the condominium unit here in question purchased it in part because of its panoramic view. At the time of the trespass, the unit was leased to a tenant who occupied the premises. During that tenancy, the Association, without permission or authorization of the owners, entered the unit and relocated a storage locker on the balcony. This relocation eliminated a considerable portion of the panoramic view from the unit.

I.

The critical issue raised by the Association relates to the sufficiency of the owners' constructive possession of the condominium at the time of the trespass.

A trespass is any entry upon the real estate of another without the invitation or permission of the person lawfully entitled to possession of the real estate. *CJI–Civ.2d.* 18:1 (1980); *United States v. Osterlund,* 505 F.Supp. 165 (D.Colo.1981), *aff'd,* 671 F.2d 1267 (10th Cir.1982); *see* Restatement (Second) of Torts, §§ 158–159 (1965). Under this definition a landlord is clearly "entitled to possession."

A landlord-tenant relationship does not foreclose the landlord's right to pursue an action in trespass to vindicate a harm committed to his reversionary interest in the estate. *See Berlin Development Corp. v. Vermont Structural Steel Corp.,* 127 Vt. 367, 250 A.2d 189 (1968); *Hol-*

*dridge v. Town of Burlington,* 32 A.D.2d 581, 299 N.Y.S.2d 340 (1969). Thus, constructive possession is sufficient to sustain an action for trespass. *Hugunin v. McCunniff,* 2 Colo. 367 (1874). Either the party in possession or the party with title may sue for trespass. *See Sullivan v. Clements,* 1 Colo. 261 (1871). Based on this authority, the trial court properly found the owners to be in constructive possession and, accordingly, entitled to pursue an action in trespass against the Association.

## II.

■ The Association also argues that the owners could not be "entitled to possession" of the balcony because it is a common element, thus owned by all of the unit owners. However, the Condominium Declaration, which governs what improvements are under common-ownership, contradicts this argument. The Declaration establishes balconies as "limited common elements," which are defined as "those parts of the common elements which are ... limited to and restricted for the exclusive use of an Owner of a Condominium Unit...." The Declaration provides that "[a]ny balcony ... which adjoin(s) a Unit shall ... be used in connection with such Unit to the exclusion of the use thereof by the other Owners...."

The Association's remaining contentions either lack legal merit or relate to factual findings which are supported by the record. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Judgment affirmed.

BERMAN and TURSI, JJ., concur.