**VISINTAINER SHEEP CO.,**
Plaintiff–Appellant,

v.

**CENTENNIAL GOLD CORPORATION, a** Colorado corporation, and Orin J. Farnsworth, Jacqueline Farnsworth, Farnsworth Trust #1, Farnsworth Trust #2, Orvie Zimmerman, Jr., Margie Zimmerman and Mary P. Zimmerman, Defendants–Appellees.

No. 86CA1032.

Colorado Court of Appeals,
Div. II.

Nov. 19, 1987.

Rebecca Love Kourlis Craig, for plaintiff-appellant.

Sherman & Howard, Theodore E. Worcester, Denver, for defendants-appellees.

STERNBERG, Judge.

Visintainer Sheep Company appeals the trial court's judgment based on its denial of its motion for partial summary judgment the effect of which was to hold that the mining claims of Centennial Gold Corporation (Centennial) were not void *ab initio*. We affirm the trial court.

This case concerns the relationship between the owner of a surface estate, Visintainer, and a mineral claimant, Centennial. Visintainer is a limited partnership which owns approximately 5,000 acres in Moffat County on which it raises sheep and cattle. The property was granted by the United States under 33 separate patents; 18 of which were Stock Raising Homestead Act (SRHA) patents under 43 U.S.C. § 299 (1982) that reserves all minerals to the United States.

Centennial attempted to stake gold mining claims on the SRHA patents interspersed throughout the property. The property is enclosed by a sheep-tight fence which has very few gates, and the only roads that bisect the interior of the property are private ranch roads. No agreement regarding the use of Visintainer's property was ever reached between the parties. Nevertheless, Centennial entered and accomplished the staking of the claims.

Visintainer filed this action seeking declaratory relief regarding the validity of the mining claims held by Centennial, and further seeking to enjoin Centennial from entering on to Visintainer's property. Visintainer filed a motion for partial summary judgment in which it asserted that the claims were staked in trespass and argued that, thus, they were void *ab initio*. Centennial filed no brief in opposition to the motion.

The trial court denied the motion, ruling that by entering the lands patented under SRHA, Centennial had not committed a trespass and that the claims were not void *ab initio*. All other claims for relief sought by Visintainer have been dismissed

with prejudice, and thus, the question whether the trial court erred in its denial of the motion for summary judgment is properly appealable. *See Glennon Heights, Inc. v. Central Bank & Trust*, 658 P.2d 872 (Colo.1983).

## I.

■ Initially, we dispose of Visintainer's contention that, pursuant to C.R.C.P. 121 § 1–15, Centennial confessed the underlying motion by its failure to file a brief in opposition to its motion for partial summary judgment. This rule provides: "Failure of a responding party to file a responsive brief *may* be considered a confession of the motion." (emphasis added) The word "may" is permissive, not mandatory in this context. *See Black's Law Dictionary* 883 (rev. 5th ed. 1979); § 2–4–101, C.R.S.

## II.

■ We also disagree with Visintainer's contention that Centennial does not have the right to cross its surface for the purpose of prospecting for subsurface minerals. Pursuant to 43 U.S.C. § 299 (1982) of the SRHA, any person qualified to locate and enter, and having the right to mine and remove coal or other minerals, shall have the right at all times to enter upon patented lands for the purpose of prospecting, provided he shall not injure, damage, or destroy permanent improvements of the patentee. This statutory section further states that all patents issued under this provision are subject to a reservation in the United States of all the coal and other minerals in the land, together with the right to prospect for, mine, and remove them.

Congress' purpose in severing the surface and mineral estates was to encourage the concurrent development of both the surface and the subsurface of SRHA lands. The Act was designed to supply "a method for the joint use of the surface of the land by the entryman of the surface thereof and the person who shall acquire from the United States the right to prospect, enter, extract and remove all minerals that may

underlie such lands." H.R.Rep. No. 35, 64th Cong., 1st Sess. 4 & 18 (1916). *Watt v. Western Nuclear, Inc.,* 462 U.S. 36, 103 S.Ct. 2218, 76 L.Ed.2d 400 (1983).

Additionally, the General Mining Law of 1872, 30 U.S.C. § 22 (1986), holds that valuable mineral deposits in land belonging to the United States shall be free and open to exploration. Thus, both the General Mining Law of 1872 and SRHA contemplate a two-step process for the establishment of a mining claim. And, that process does not require a mineral claimant to have permission from the surface owner prior to the first step, which is the entry upon the surface owner's property for the purpose of staking the claim. *See McMullin v. Magnuson,* 102 Colo. 230, 78 P.2d 964 (1938).

Under the two-step process recognized in *McMullin v. Magnuson, supra,* a person qualified to locate mineral deposits may at all times enter land patented to another to prospect for such minerals. The securing of the patentee's consent, and in lieu thereof the posting of a bond, is not a condition precedent to the location, but is incident to subsequent mining operations. The purpose of the SRHA is not to restrict prospecting and mining, but to assure protection to the homesteader. *McMullin v. Magnuson, supra.*

### III.

In light of the foregoing there is no merit to Visintainer's contention that the staking of the claims represented a trespass and thus were void *ab initio.*

Trespass is an entry upon real estate of another without invitation or permission of the person lawfully entitled thereto. *Plotkin v. Club Valencia Condominium Ass'n, Inc.,* 717 P.2d 1027 (Colo.App.1986). In *Columbia Standard Corp. v. Ranchers Exploration & Development, Inc.,* 468 F.2d 547 (10th Cir.1972), the court determined that the plaintiff's mining claims should be declared void because they were staked in bad faith. Here, Centennial's right to enter onto the surface lands of Visintainer for the purpose of locating mining claims is derived from the General Min-

ing Laws of 1872, 30 U.S.C. § 22 (1986), and 43 U.S.C. § 299 (1982) of the SRHA. Hence, Centennial's entry cannot be in trespass.

We therefore hold that, pursuant to the General Mining Law of 1872, and the SRHA, Centennial had both the right to enter and cross the lands upon which Visintainer held patents and to stake mining claims upon those parcels covered by SRHA patents.

The trial court's denial of the motion for partial summary judgment is affirmed.

SMITH and KELLY, JJ., concur.