Opinion by JUDGE DUNN
¶ 1 Plaintiff, Daniel Mikes, appeals the district court's grant of summary judgment in favor of defendants, Lyndon B. Burnett, Joe Craven, and J & V Diller Ranch, LLC. We affirm.
I. Background
¶ 2 In July 2010, steers owned by Burnett and J & V Diller wandered onto neighboring land owned by Lester Friend, where they began separating Friend's cows from their calves.[1] As a result, Friend wanted the trespassing steers removed quickly and he asked several individuals, including Mikes, if they would assist him in herding the steers off his property. Mikes, who occasionally helped Friend with farm work, agreed to assist.
¶ 3 Using his four-wheel, all-terrain vehicle, Mikes was attempting to separate Burnett's steers from Friend's cows when one of the steers turned toward him. Trying to avoid the animal, Mikes's four-wheel vehicle flipped several times, and he was injured.
¶ 4 Mikes filed a complaint asserting six claims for relief. All but two claims were dismissed, either through the parties' agreement or at Mikes's request. The two remaining claims seek relief under a theory of strict liability for trespassing livestock.[2]
¶ 5 Defendants moved for partial summary judgment on the trespass claims, arguing that Mikes was not entitled to relief because he was not the "owner of the land, or in control of the land, upon which he was injured." Mikes responded that he was entitled to recover because he was an "occupier" of Friend's property at the time of the accident and, in addition, he was present on the land as Friend's unpaid employee. The trial court granted the motion for summary judgment. It concluded that no material facts existed regarding whether Mikes was an "owner, possessor, or member of the household of the possessor of the land where the injury took place."
¶ 6 Mikes appeals the trial court's order granting summary judgment.
II. Standard of Review
¶ 7 We review de novo an order granting summary judgment. Brodeur v. American Home Assurance Co. , 169 P.3d 139, 146 (Colo.2007). Though a drastic remedy, summary *45 judgment serves the salutary purpose of dispensing with the time and expense of trial when, based on the undisputed facts, one party cannot prevail. E.g. , Ginter v.Palmer & Co., 196 Colo. 203, 205, 585 P.2d 583, 584 (1978). Because a grant of summary judgment denies the party opposing the motion a right to trial, it is appropriate only in those instances where there are no facts in dispute and where the controlling law entitles one party to judgment in its favor. Mount Emmons Mining Co. v. Town of Crested Butte , 690 P.2d 231, 239 (Colo.1984). In conducting our review, we construe all facts in the light most favorable to the party opposing summary judgment, and resolve all doubts against the party seeking summary judgment. West Elk Ranch, L.L.C. v. United States , 65 P.3d 479, 481 (Colo.2002).
III. Discussion
¶ 8 The facts here are not disputed, though the parties dispute the legal effect of those facts. Mikes contends that the trial court erred in granting summary judgment on the trespass claims. Specifically, he argues that he may maintain a claim for trespass of the steers because he was in possession of Friend's land when he was injured. We do not agree.
A. Strict Liability for Trespass of Livestock
¶ 9 The owner of livestock is strictly liable for damages caused when the livestock trespass upon another's land. Robinson v. Kerr, 144 Colo. 48, 53, 355 P.2d 117, 120 (1960) ; see also Nixon v. Harris, 15 Ohio St.2d 105, 238 N.E.2d 785, 787 (1968) (recognizing strict liability for trespass of livestock); Restatement (Second) of Torts § 504(1) (1977) ("[A] possessor of livestock intruding upon the land of another is subject to liability for the intrusion although he has exercised the utmost care to prevent them from intruding.").
¶ 10 A claim for trespass of livestock is not limited solely to owners of the invaded land. Rather, it may be asserted by anyone injured while in possession of that land. McClellan v. Hurd, 21 Colo. 197, 199-200, 40 P. 445, 446 (1895) (trespass is an action for injury to the right of possession of real property); Williams v. River Lakes Ranch Development Corp. , 41 Cal.App.3d 496, 116 Cal.Rptr. 200, 209 (1974) (plaintiff in a trespass of livestock claim must prove possession of the premises); see also Hoery v. United States , 64 P.3d 214, 217 (Colo.2003) (elements of trespass are "a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession") (emphasis added). It follows that if a person is not in possession of the land at the time of his injury, he may not maintain a trespass claim. See Gifford v. City of Colorado Springs, 815 P.2d 1008, 1012 (Colo.App.1991); see also Peterson v. Conlan, 18 N.D. 205, 119 N.W. 367, 369 (1909) (plaintiff not entitled to recover under theory that trespassing bull injured him where the plaintiff did not own, and was not entitled to possession of the property on which the animal was trespassing at the time of injury).
¶ 11 Thus, a plaintiff seeking to recover for injuries sustained from trespass must show either actual or constructive possession of the land. Hugunin v. McCunniff, 2 Colo. 367, 369 (1874) ; Plotkin v. Club Valencia Condominium Ass'n, 717 P.2d 1027, 1027-28 (Colo.App.1986) ; see also Wood v. Champion Paper & Fibre Co ., 157 F.Supp. 393, 394 (W.D.S.C.1957) (plaintiff must show either actual or constructive possession to be entitled to damages for trespass); Restatement (Second) of Torts § 157 (1965) (discussing the "possession" required to maintain an action for trespass).
¶ 12 Constructive possession is generally established through title. See Plotkin, 717 P.2d at 1028 (treating title as constructive possession); see also Patrick v. Brown, 36 Colo. 298, 300, 85 P. 325, 326 (1906) (one without title to land must demonstrate actual possession to maintain a trespass action). Actual possession, however, does not require land ownership. Patrick, 36 Colo. at 300, 85 P. at 326 ; W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 13, at 77 (5th ed. 1984) ("[A]ny person in the actual and exclusive possession of the property may maintain the action, although the person has no legal title."). Rather, it may be demonstrated by occupancy of the land or by acts of *46 dominion and control over the land. Williams, 116 Cal.Rptr. at 209 (actual possession is usually demonstrated by occupation, substantial enclosure, cultivation, or appropriate use according to the locality and nature of the property); see also Patrick, 36 Colo. at 300, 85 P. at 326 (discussing plaintiff's attempt to prove actual possession based on a fence he had built and maintained on the land); Patton Park, Inc. v. Pollak , 115 Ind.App. 32, 55 N.E.2d 328, 331-32 (1944) (even though plaintiffs lacked title, right to "make, construct, and maintain" a lake established right to possession and control). For that reason, occasional or fleeting presence on property, without more, is not sufficient to demonstrate actual possession. See Eureka Coal & Mineral Co. v. Johnson , 186 Ky. 134, 216 S.W. 91, 93 (1919) (claim of ownership along with occasional entry on land to cut timber was not sufficient to show actual possession); Restatement (Second) of Torts § 157 cmt. a (defining "occupancy" to require acts on the land manifesting "a claim of exclusive control of the land," indicating to the public the appropriation of the land); cf . Williams , 116 Cal.Rptr. at 210 (reversing judgment of nonsuit based on plaintiff's lack of possession where evidence showed that plaintiff lived on the land in a trailer, worked on the land, cultivated a garden, and had "occupied the land long enough that the first crop was nearly ready").
B. Mikes's Possession Claim
¶ 13 Mikes does not claim he constructively possessed Friend's land and it is undisputed that Mikes does not own the land. Nonetheless, in support of his argument that he possessed Friend's land, Mikes asserts that (1) Friend asked him to "enter and occupy" the land to help remove the steers, (2) he had "access to keys or combinations to padlocks" for gates on Friend's property, and (3) he was injured while "controlling the movement of cattle and conducting business activities" as Friend's "servant/ employee." We conclude that the undisputed evidence in the record does not support Mikes's claim that he possessed Friend's land.
¶ 14 As an initial matter, Mikes's assertion that Friend asked Mikes to "occupy" the land lacks support in the record. The portions of Friend's deposition transcript that are in the record establish only that Friend asked several individuals, including Mikes, to help Friend herd the steers from Friend's land. The testimony in the record does not establish that Mikes had anything more than a temporary right to enter Friend's land to help move the steers. There is no evidence in the record suggesting that Friend granted Mikes any right to occupy, control, or manipulate the land in any manner. See, e.g ., Williams, 116 Cal.Rptr. at 209 ("The word 'occupation' is synonymous with the word 'possession' and connotes a subjection of property to one's will and control."); see also Restatement (Second) of Torts § 157(a) ("a person who is in possession of land" defined, in pertinent part, as one who "is in occupancy of land with intent to control it"); Black's Law Dictionary 1281 (9th ed. 2009) (defining "possession").
¶ 15 Nor does the record reflect that Mikes testified that he had any right to control, dominate, or occupy Friend's land. Though there is evidence in the record that Mikes and others had keys to the locks or combinations to padlocks on Friend's property, no summary judgment evidence was presented that Mikes resided on the land, cultivated the land, erected any structures on the land, or had the authority to do so. There is also no evidence in the record that Mikes was ever present on Friend's land for more than transient periods of time. The record, therefore, is devoid of any facts to support a finding that Mikes possessed Friend's land.
¶ 16 Robinson v. Kerr does not alter our analysis. In that case, the supreme court concluded that the plaintiff, the grandson of the landowners, established a prima facie trespass claim against the owner of a horse who strayed onto the grandparents' land and injured the grandson. Robinson, 144 Colo. at 53, 355 P.2d at 120. Mikes argues that Robinson supports his claim that a non-landowner may maintain a claim for injuries sustained as a result of trespassing livestock. That proposition, however, is not in dispute. We are tasked, rather, with determining whether Mikes possessed Friend's land. Possession was not at issue in Robinson, and the court never addressed whether the plaintiff possessed or occupied the land. Id. at 117-20, 355 P.2d 117. Accordingly, Robinson is inapposite.
*47 ¶ 17 Similarly, we are not persuaded by Mikes's reliance on Madrid v.Zenchiku Land & Livestock, 310 Mont. 491, 51 P.3d 1137 (2002). In Madrid, the Supreme Court of Montana held that the defendant was strictly liable for personal injuries inflicted on a ranch hand by a trespassing bull. Id. at 1138. The decision in that case, however, was driven by a Montana statute imposing strict liability for "damages to the owner or occupant of the enclosure," Mont.Code Ann. § 81-4-215, on which an animal trespassed, and there was "no dispute that [the plaintiff] was a proper occupant of the enclosure." Id. at 1138, 1140.
¶ 18 Finally, Mikes contends that as a "servant/ employee" he was "in possession" of the land because "Friend asked [him] to enter and occupy the land for the purpose of assisting him in the removal of [the] intruding livestock." We are not persuaded for two reasons. First, in the summary judgment record provided, there is no evidence that Mikes was Friend's employee. Though Friend testified that Mikes occasionally assisted Friend with tasks on the farm, he did not testify that Mikes was his employee.
¶ 19 Second, even if the record supported his claim, Mikes cites no legal authority for the proposition that an employment relationship, alone, is sufficient to establish that an employee possesses the land that he works on. In the absence of evidence demonstrating an employee had authority to occupy and possess the land, we see no basis for such a conclusion.
¶ 20 No evidence was presented that Mikes possessed Friend's land when Mikes suffered his injuries. Consequently, as a matter of law, he may not maintain a trespass claim against defendants.
IV. Conclusion
¶ 21 The trial court's summary judgment is affirmed.
JUDGE CASEBOLT and JUDGE LICHTENSTEIN concur.

Friend is not a party to this action.

Mikes brought these claims as trespass quare clausum fregit claims. At common law, trespass claims had numerous forms based upon the type of trespass involved. See Bryan A. Garner, Garner's Dictionary of Legal Usage 903 (3d ed. 2011). Trespass quare clausum fregit, or trespass q.c.f., is a claim for invasion of possession of realty. Id. Thus, at common law, trespass q.c.f. was the writ under which a claim for trespassing livestock was brought. James L. Rigelhaupt, Jr., Annotation, Liability for Personal Injury or Death Caused by Trespassing or Intruding Animals, 49 A.L.R.4th 710 (1986). We refer to the claims simply as trespass or trespass of livestock claims.